## FLORIDA REAL ESTATE COMM., et al v. PERLMUTTER, et al.

Circuit Court, Dade County, Civil Appeal.
March 24, 1952.

50

Ward & Ward, Miami, for appellants.

W. H. Poe, Orlando, for appellees.

J. N. MORRIS, Circuit Judge.

This is an appeal from an order of the real estate commission suspending the registrations of the corporate and indidual defendants for 6 months each. The cause has been argued before me orally and briefs have been submitted and considered by the court.

At the outset it should be stated that after the commission caused an information to be filed against the defendants it referred the matter to an examiner to take the evidence of the parties. The evidence was taken before this examiner. None of it was taken before the commission.

In the first count of the information it is averred that the registration of Julius Jay Perlmutter Associates, Inc. as a real estate broker should be suspended under the authority of section 475.25 (2), Florida Statutes 1951. This section provides

for the revocation of the registration of a registrant, but not for the suspension thereof. The commission found that the registration of this defendant should be *suspended* for 6 months, but not revoked.

The second count avers that the registration of Julius Jay Perlmutter, Jr. as a real estate broker should be revoked under the authority of the same section. The commission found that the registration of this defendant should likewise be *suspended* for 6 months.

Another and different section of the statute, section 475.25-(1), makes provision for suspension of registration and provides the circumstances under which a suspension may be ordered. It would therefore seem that the commission has acted on a charge different from that set forth in the information.

The question is raised in the briefs as to the authority of the court to review the findings of the commission. Section 475.31-(5) provides:

The findings of fact of the commission shall have the same force and effect as the findings of a general master in chancery.

As stated, the commission did not hear the testimony, had no opportunity to observe the witnesses, their manner of testifying, their demeanor or any other circumstances from which inferences as to the truth or falsity of their testimony might be drawn. The commission was in no better position to judge the evidence than is the court.

The force and effect to be given to a general master's findings in Florida is not fixed by statute. It has been held by our Supreme Court that the findings of a master are advisory, Burns v. Burns, 13 So. 2d 599. Likewise where a master is appointed by consent his findings have the weight of a jury verdict and cannot be set aside at the discretion of the court, McLeod v. Citizens Bank of Live Oak, 56 So. 190. Usually a master hears the testimony himself and the witnesses appear before him. I have not been able to find any case in Florida dealing with the question as to the weight to be given to the findings of a master where he did not hear the evidence himself and did not have the opportunity to observe the witnesses as they gave their testimony. However, it must follow that the findings of the master in such case should not be given the weight that would be given had the master heard the evidence

himself. It is a well settled rule that the findings of a master in chancery are not conclusive. See the note in 33 A.L.R. beginning at page 746, citing many, including federal supreme court, cases.

Whatever the requirements as to the weight to be given to the master's findings may be, it seems to me that in this case the findings and order of the commission are so palpably erroneous that the same should not be allowed to stand.

The first count of the information is the charge against Julius Jay Perlmutter, Inc. on account of advertising done by it. There is no evidence that the registration of this registrant was obtained by means of fraud, misrepresentation or concealment as set forth in section 475.25(2). Section 475.25(1)(b) provides for suspension of a registration when the registrant has

been guilty of false advertising in, on or by, signs, bill boards, newspapers, magazines . . .

Even if the commission can make a finding on a charge different from that set forth in the information, there is still no evidence that the defendant corporation violated the last quoted section of the statute — nor is there any evidence that any act done by this defendant was such as to deceive or defraud investors in real property or interest therein.

It further clearly appears that before registration was granted to the corporation in 1948 the plan the corporation intended to develop and use was fully set forth in letters sent to the commission which the commission had before it at the time it issued the registration. The commission was fully advised that it was intended by the corporation to be formed to "front" the name of Julius Jay Perlmutter, that it was the studied opinion of the promoters that the use of that name would enable the corporation to do a larger business and to contact a larger clientele — friends and acquaintances and well-wishers of Julius Jay Perlmutter.

An inspection of the advertisement of which the commission complains shows that "Associates, Inc." is written immediately under the name of Julius Jay Perlmutter and clearly in view of anyone who might observe the name and it seems improbable that anyone would observe the name without also seeing the quoted words.

Printing the name in large type was merely carrying out the procedure which the promoters advised the commission it would use in order to obtain clientele. It is inconceivable that the placing of the picture of Mr. Perlmutter on the advertisement could do anything other than what the promoters had advised the commission they intended to accomplish. Since the commission knew all the facts before it granted the registration, it cannot now claim that there was fraud or that the registrations were illegal on account of the fact that the name or picture of Julius Jay Perlmutter was "fronted". Then, too, it does not appear that any prospective investor was deceived thereby.

The second count of the information charges that the individual defendant made a false statement in his application for registration as a broker on October 7, 1949, in that he stated therein that he had not operated or attemped to operate, or held himself out as being entitled to operate, as a broker or salesman within one year next prior to the filing of the application without then being the holder of a valid, current registration certificate authorizing him to do so. It is not questioned that Julius Jay Perlmutter at the time held registration as a real estate *salesman*. The evidence shows conclusively that he was not a stockholder, director or officer of the corporation prior to that time — that a real estate broker or brokers were in charge of the corporation. The findings of the commission on this count are not borne out by the evidence, they are in fact contrary to the evidence.

Section 475.35 (5) to which reference was made in the briefs, provides:

The circuit court may reverse or affirm the final order of the commission, in accordance with the provisions of this chapter. No such final order shall be reversed for any error of procedure which has not resulted in the denial of a fair trial to the defendant, or has not denied to him any substantial constitutional or statutory right, or has not prevented or prejudiced the presentation of any lawful defense which would otherwise have been available to him. If the finding of facts shall be supported by the evidence to the extent required by this chapter, and the order shall be supported by such finding and shall be within the power of the commission, and the defendant was duly served with notice of the pendency of the proceedings in the manner required by this chapter, or has appeared therein, or otherwise waived notice, the order shall not be reversed for any cause, except want of jurisdiction or power, unless such cause was by motion or objection of record made known to the commission before the making of the final order, and the

cause of the objection has not been corrected, and then only for errors made reversible by this chapter. The information and answer shall, in all cases, be deemed to have been amended to conform to the proof, provided the opposite party shall have been given opportunity, upon demand, to meet such proof. The order and proceedings shall be presumed to be valid, unless reversible error or invalidity shall, in some legal manner, be affirmatively shown to exist. In the event that it is charged that the commission, on demand, refused to make such reversible error or invalidity appear of record, the circuit court is empowered to determine the truth of such charge, and make corrections in the record as shall be necessary to make it speak the truth.

It would seem from this section that the doors of the courts are closed and the rights of the parties affected are bridled, and the powers of the court shackled by the provisions thereof, and contrary to section 4 of the Declaration of Rights of the Florida constitution, which provides:

All Courts in this State shall be open so that every person for any injury done him in his land, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay.

A registration certificate issued to a real estate broker or salesman is a valuable property right which should not be capriciously taken away, and the so doing violates section 12 of the Declaration of Rights of the Florida constitution, which in part provides:

No person shall . . . . be deprived of life, liberty or property without due process of law.

The order of the commission is therefore reversed.