DREW, Justice.
Kathleen Hamper Touby, plaintiff in the lower Court and appellee here (hereafter referred to as wife), instituted suit in Dade County against her husband, Harry Touby (hereafter called husband), for divorce on the ground of extreme cruelty. The cause was referred to a 'Special Master and more than 700 pages of testimony was adduced before him in some ten separate hearings. On almost ■ every phase of the evidence there were conflicts and. inconsistencies. The Master, however, found that the wife had sustained the burden of proving the material allegations of her complaint and recommended the entry of a final decree granting her a divorce and temporary custody of the three minor children, with the right to the father of reasonable visitation. The Master further recommended that the'.husband be required to pay the wife $75 per week for the support of herself and the minor children and that in addition thereto the husband be required to keep the house in which the wife and children were living in good repair, make the mortgage payments on it and pay the taxes and utility bills. He further recommended that the husband be required to pay all unusual and extraordinary medical bills for the wife and children as when incurred. The Master recommended that attorney’s fees and Master’s fees be taxed against the husband.
Exceptions were filed to the Master’s original report and duly argued before the learned Chancellor below. He concluded that the matter should be re-referred to the Master for further consideration and further findings of specific facts. The Master reconsidered the cause in the light of the order of re-reference, amplified his findings but adhered to his original conclusions and recommendations. Exceptions were filed to the supplemental report, another argu *366 ment was had before the lower Court, and thereafter a final decree was entered overruling the exceptions and granting a decree in accordance with the Master’s findings. The final decree awarded the sum of $5,000 to the wife’s solicitors and fixed the Master’s fee at $1,600, all of which he taxed against the husband. From this decree this appeal was prosecuted.
 No useful purpose would be served by detailing here the conflicts that beset this marriage almost from its inception. The record contains hundreds of pages of such evidence, all of which was heard by the Master and considered by him on two occasions. His conclusions and recommendations were accepted and approved by the Chancellor and, .while there are conflicts and inconsistencies in the evidence and fault on the part of both husband and wife, we find ample competent evidence in the record to sustain the decree entered. Such being the case, we have no right to- pit our judgment against that of the Chancellor below. Burns v. Burns, 153 Fla. 73, 13 So. 2d 599; Jackson v. Jackson, Fla.1950, 46 So.2d 894; O’Connell v. O’Connell, Fla. 1950, 45 So.2d 882.
 Appellant argues that the award of attorney’s fees in the sum of $5,000 and Master’s fees of $1,600 is excessive. -The record contains substantial evidence supporting the reasonableness of the attorney’s fee. We conclude, however, 'that such fee is sufficient to cover the .services of the wife’s attorney, both in the lower court and on this appeal. The Master’s fee, however, is excessive and is hereby reduced to $750.
With the exception of that part of the final decree relating to the Master’s compensation, the decree of the lower Court is affirmed. The Per Curiam opinion filed July 17, 1953, is hereby withdrawn.
Affirmed in part, reversed in part.
ROBERTS, C. J., and TERRELL and THOMAS, JJ., concur.