88 So.2d 545 (1956)
MARY AGNES MAHAN, APPELLANT,
v.
JAMES J. MAHAN, APPELLEE.
Supreme Court of Florida, Division A.
June 29, 1956.
*546 Sam B. Wilson, Jacksonville, for appellant.
Albert Datz, Jacksonville, for appellee.
THORNAL, Justice.
Appellant Mary Agnes Mahan, who was plaintiff below, seeks reversal of a decree of the Chancellor denying the annulment of her marriage to appellee James J. Mahan, who was defendant below.
The sole question before us is whether the evidence was sufficient to sustain the allegations of the complaint.
The complaint sought annulment of the marriage on the ground that at the time of the alleged ceremony the appellant was so intoxicated by the use of "alcoholic stimulants" that she was not in possession of her mental faculties and was incapable of forming conscious consent to the alleged marriage. The defendant answered that he could neither admit nor deny the allegations of the complaint because at the time of the alleged marriage, he was so intoxicated that he could not even state whether he was ever married to the plaintiff. The parties stipulated for the appointment of a Special Master to hear the testimony and report his findings.
There was no conflict in the testimony and if it is to be believed, it would appear that the allegations of the complaint were proved.
The record shows that on July 2, 1955, after an afternoon and evening devoted to drinking a combination of such stimulants as beer, whiskey and gin at an establishment bearing the foreboding name of "The Caribbean," the parties, accompanied by another man, in some fashion wound up in Folkston, Georgia, late in the evening. At this point they were united in wedlock by an Ordinary of the State of Georgia. Folkston, Georgia, incidentally, appears to be the "Gretna Green" of Florida couples *547 who are either not inclined to comply with the requirements of our laws stipulating various conditions precedent to matrimony, or for other reasons find themselves incapable of completing the marriage contract in our state. Experience has suggested that, although there are of course fortunate and happy exceptions, many of these "Folkston-Green" marriages terminate as did this one. Be this as it may, the record shows that the plaintiff was not conscious of the fact that she was married until she came to her senses at the home of her mother the afternoon of July 3, 1955.
The testimony of the parties as to their drunken stupor at the time of the alleged ceremony was corroborated by the witness who traveled with them and appellant's inebriate condition on the day following the marriage was confirmed by other witnesses. Her knowledge of her marriage was conveyed to her by her mother who received the information from the attending witness. There is testimony also that the marriage did not culminate in cohabitation of the parties and that they had never lived together as husband and wife.
After hearing all of the witnesses, the Master found that the allegations of the complaint had been sustained by the evidence and recommended annulment. At final hearing, the Chancellor declined to approve the recommendations of the Master and dismissed the complaint with prejudice to the plaintiff, who now seeks reversal of that decree.
The appellant contends that the evidence adequately supported her complaint. The appellee appears willing to rely on the record alone for the reason that he has filed no brief.
Conceding that the decree of the Chancellor is entitled to a presumption of correctness, we are nevertheless likewise confronted with the rule that where the parties to a cause consent to the reference of their cause to a Master in Chancery, the findings of the Master are entitled to the weight of a verdict of a jury in a common law action. They are presumptively correct and are not to be lightly regarded. Kent v. Knowles, 101 Fla. 1375, 133 So. 315.
One condition precedent to a valid and binding marriage contract is that the parties be mentally competent to enter into the contractual engagement. A party lacking the essential requirement of mental capacity may in a proper case obtain the annulment of the contract absent ratification or confirmation during a lucid interval, or upon regaining mental competency. The general rule is well stated in 35 Am. Jur., Marriage, Sec. 116, p. 254, as follows:
"Intoxication at the time of entering into a marriage, where such intoxication renders one non compos mentis and incapable of knowing the nature of the contract and its consequences, voids or invalidates the marriage or renders it voidable, depending on the effect of mental incapacity on marriage in the particular jurisdiction. Intoxication to a less degree, however, has no such effect on the marriage."
This court approved this general rule in the early case of Prine v. Prine, 36 Fla. 676, 18 So. 781, 785, 34 L.R.A. 87. Although in the Prine case it was held that cohabitation subsequent to the recovery of reason precluded annulment, nonetheless, the rule as to the effect of intoxication on the validity of the marriage contract was stated as follows:
"* * * As to the law applicable to the facts, it cannot be doubted that if the party, at the time of entering into the contract, is so much intoxicated as to be non compos mentis, and does not know what he is doing, and is for the time deprived of reason, the marriage is invalid; but it is not invalid if the intoxication is of a less degree than that stated." (Emphasis added.)
We reaffirmed the rule and granted annulment because of disqualifying intoxication in Martin v. Martin, 157 Fla. 835, 26 So.2d 901.
*548 Although by her complaint the appellant alleged that the appellee fraudulently induced her to get drunk, the proof does not sustain the alleged fraud. However, reluctant as we always are to disturb the conclusions of a Chancellor on the sufficiency of the evidence, we cannot in this case escape a decision that the uncontradicted evidence established the allegations to the effect that at the time this marriage was performed the appellant and, for that matter apparently, the appellee were so thoroughly and completely dethroned of their mental faculties by the use of alcohol that they were not conscious of what they were doing and that they were mentally incapable of forming the intent to enter into the contract which was essential to its validity.
The marriage contract is one of the most sacred of compacts. It should not be set aside or dissolved in the absence of clear and substantial proof that annulment or dissolution is justified under the law.
So far as this record reveals, however, the proofs met the requirement that the condition of intoxication had reached the point that at the time of the wedding the appellant was non compos mentis, and therefore incapable of entering into a binding arrangement.
Finding as we do, and finding further that there is no evidence of ratification of confirmation of the marriage, it is our view that the prayer of the complaint for annulment should have been granted. While the conduct of these parties is certainly not to be approved as acceptable social procedure, the record does sustain the conclusion that the appellant was entitled to the relief for which she prayed.
The decree appealed from must be reversed and the cause remanded for further proceedings consistent with this opinion.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.