TILLMAN PEARSON, Judge.
This is an appeal by the defendant, wife, from a final decree which granted a divorce on the grounds of extreme cruelty to the plaintiff, husband; denied the wife’s counterclaim for alimony unconnected with causes of divorce (§ 65.10 Fla.Stat., F.S.A.), and denied the wife’s claim for alimony pursuant to the divorce without reserving jurisdiction to award alimony in the future. We affirm in part and reverse in part.
The appellant and appellee were married in December of 1961 and lived together until October 1962. Upon the filing of the husband’s complaint for divorce the wife filed an answer and a counterclaim pursuant to § 65.10 Fla.Stat., F.S.A. After trial the chancellor entered a final decree of divorce upon the husband’s complaint and this appeal followed. The appellant urges; (1) the insufficiency of the evidence to support the decree; (2) the court should have granted defendant’s counterclaim for alimony unconnected with causes for divorce; (3) the court should have granted alimony under the decree of divorce; (4) the court erred in failing to reserve jurisdiction for the purpose of awarding alimony to the appellant, upon any further application, in case of change in circumstances.
The burden of appellant’s first point is that the testimony as to the physical effect of the extreme cruelty charged does not meet the test laid down in Palmer v. Palmer, 26 Fla. 215, 7 So. 864; Hancock v. Hancock, 55 Fla. 680, 45 So. 1020, 15 L.R.A.,N.S., 670; Straughter v. Straughter, Fla.1956, 87 So.2d 499, and Fisher v. Fisher, Fla.App.1961, 134 So.2d 277. We have examined the record in the light of this argument and we find that although the evidence is in conflict, there is sufficient evidence in the record, if believed by the chancellor, to satisfy the rule laid down in Burns v. Burns, 153 Fla. 73, 13 So.2d 599. See Martin v. Martin, Fla. App.1957, 102 So.2d 837, 838, where the following summary of the law appears:
“We are not here concerned with physical violence as the basis of extreme cruelty but rather what the Supreme Court of Florida has recognized as ‘mental cruelty’ as a cause for divorce under the Florida statutory ground of extreme cruelty. Thus the Supreme Court of Florida has interpreted the term ‘mental cruelty’ to mean a course of behavior by one spouse toward the other such as to imperil the mental and physical health of the other to the extent that maintaining and continuing the marriage relationship is rendered unbearable. Burns v. Burns, 1943, 153 Fla. 73, 13 So.2d 599. Furthermore, no divorce will be granted on the ground of extreme cruelty where there is no actual physical violence unless the behavior complained of results in injuries to health or causes cohabitation to be intolerable and unsafe, or unless there are threats of abuse which arouse such reasonable apprehension of bodily violence that to execute marital duties is not practicable. Masilotti v. Masilotti, 1942, 150 Fla. 86, 7 So.2d 132. Nor can mere inconvenience, unhappiness, incompatibility of temperament or disposition which render the marriage *875 relation disagreeable or burdensome establish extreme cruelty. Kellogg v. Kellogg, 1927, 93 Fla. 261, 111 So. 637; Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694, and Prall v. Prall, 1909, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577.”
Without attempting to summarize all of the evidence in this case, we think that the testimony of the plaintiff and his two grown sons that the defendant was constantly angry and nagging; that she resented the sons and ordered one of them to stay away from the home; attempted to get another fired from his job; accused the boys of stealing from their father; told the plaintiff’s employer that he should be fired, was sufficient basis for the chancellor to believe the testimony that the plaintiff lost 25 pounds of weight and was under such a strain that he was forced to leave. Cf. Henderson v. Henderson, 137 Fla. 770, 189 So. 24 (1939) and Lyon v. Lyon, Fla.1951, 54 So.2d 679. We therefore hold that error has not been demonstrated under appellant’s first point.
We have examined the record in the light of the points set out as 2 and 3 above and find that error has not been shown in that there is evidence to support the determination of the chancellor and there is no showing that the result reached by him is not within the limits of his judicial discretion.
Upon appellant’s fourth point that the court erred in not reserving jurisdiction of the cause in order to award alimony in the future, if such is properly allowable, we find that this cause is governed by Dings v. Dings, Fla.App.1964, 161 So.2d 227. Accordingly, this cause is remanded with directions to the chancellor to amend the final decree to provide that the trial court reserves jurisdiction to award alimony in the future if such is applied for and is properly allowable.
Affirmed in part, reversed in part and remanded.