SWANN, Judge.
This appeal is by the ex-wife, Mary Alice Toth, from a final decree of divorce.
The trial court found the wife ’and the husband, Louis Toth, guilty of extreme cruelty and granted a divorce to each.[1] The husband, Louis, was ordered to pay to the wife, Mary Alice, the sum of $325 per month as child support for their two minor children and the claim of the wife for alimony was denied with prejudice.
The wife appealed and assigned as error the granting of a divorce to the husband and the denial to her of any alimony. The husband cross-assigned as error the award of $325 per month as child support for his two minor children.
The record on appeal reflects no physical violence. There was insufficient competent evidence to prove that the conduct of the wife resulted in injuries to the *296 health of the husband’ or caused cohabitation to be intolerable and unsafe, or that there were threats of abuse which aroused reasonable apprehension of bodily violence to such an extent that to execute the marital duties was not practical. There was some testimony by the husband which touched on these grounds but there was no corroboration of this ground whatsoever.
For these reasons, the final judgment of divorce awarding a divorce to the husband on the grounds of extreme cruelty by the wife must be reversed. See Grossman v. Grossman, Fla.1955, 90 So.2d 115; Harmon v. Harmon, Fla.1949, 40 So.2d 209; Burns v. Burns, 153 Fla. 73, 13 So.2d 599 (1943); Steele v. Steele, Fla.App.1965, 177 So.2d 873; and Martin v. Martin, Fla.App.1958, 102 So.2d 837.
The record below reveals that the wife was not gainfully employed during the marriage; that she had no job experience ; that she had no income; that she had no assets; and that she was a middle-aged woman. It further reveals that the husband had a substantial income for the year 1968 and that he saved, during that year, the approximate sum of $7,200. Immediately prior to the divorce the husband cashed a check for $4,000 and allegedly sent half of it, in cash, to his mother in Hungary. There is a possibility that he will not receive the same amount of income during the year 1969 since one of the contracts from which he received a large portion of the 1968 income, as a commercial landscaper, was up for bids and he might not have that contract and income in the future.
Notwithstanding that possibility, it appears that there is substantial, competent evidence in the record to establish the needs of the wife for alimony and the ability of the husband to pay alimony to the wife.
The final decree of divorce denying the wife alimony now and in the future “with prejudice” be and the same is reversed and remanded with directions to the trial court to enter an award of reasonable alimony to the wife based on the husband’s present income, taking evidence, if necessary, to determine a proper amount of alimony.
The husband’s cross-assignment of error as to the award of $325 per month as child support is found to be without merit and the same is hereby affirmed.
This appeal is affirmed in part and reversed in part and remanded to the trial court with directions to conduct a hearing, if necessary, to determine the husband’s present ability to pay and the wife’s needs for alimony and to award to the wife a reasonable sum for alimony.
It is so ordered.

. The divorce should have been awarded to one or the other. See Friedman v. Friedman, Fla.1958, 100 So.2d 167; Mosca v. Mosca, Fla.App.1962, 144 So.2d 80; and Batteiger v. Batteiger, Fla.App.1959, 109 So.2d 602.