HENDRY, Judge.
These appeals arose out of an action brought in the circuit court by Mr. and Mrs. Melvin Koenig to collect the purchase price for the sale on April 29, 1967, of two corporations as going businesses. Defendant Sun Engineering Corporation, a subsidiary of defendant WATSCO, Inc. (a publicly held company), purchased from the Koenigs all the assets of Castle Products, Inc. and Clinic Drug .& Chemical Co., which manufactured and sold plastics. The total assets of the Koenigs’ two corporations originally cost approximately $325,000.00.
At the closing, Sun Engineering paid the Koenigs $25,000.00 down and assumed $58,000.00 in debts. The balance of the purchase price was to be paid annually over a five-year period by paying the Koenigs fifty per cent of the profits before taxes which Castle Products, Inc. and Clinic Drug & Chemical Co. earned.
The sale contract, drafted by attorneys for Sun Engineering, provided in the sections captioned “profit sharing plan” and “employment agreement” protection for *852 the Koenig's’ fifty per cent profit sharing rights. Mr. Koenig was to perform “the same type duties” as he had performed as the president of the two companies sold. The buyer agreed to keep separate hooks and records of the Castle and Clinic operations. Mr. Koenig was guaranteed two years’ employment with a proviso that if the profits from Castle and Clinic operations were $50,000.00 or more for each of the first two years, his employment would continue two more years. Furthermore, if Sun Engineering elected to end the profit sharing plan, between the second and fifth years, the Koenigs were to be paid for five years’ profit according to a schedule.
Immediately after the closing, Mr. Koe-nig signed a letter at the request of defendant which their attorney had drafted. The letter concerned the base figure to be utilized for the computation for depreciation. In the view of defendants, the letter established book value at date of closing as a basis for comparison of past operations with the future operations as a part of Sun Engineering.
By an amended complaint containing four counts, the Koenigs, in their second count, sought an accounting. In the first count, they alleged that Sun Engineering usurped Mr. Koenig’s authority over production operations of Castle and Clinic, in breach of the sales contract.
In August, 1970, the court appointed a certified public accountant as a special master in chancery to render an accounting. Rule 1.490(b), Florida Rules of Civil Procedure, 30 F.S.A. An order of reference and an amended order of reference were entered. It appears that the special master was appointed with the consent of the parties.
After extensive hearings, a special master’s report was filed on December 7, 1970, recommending that defendants pay plaintiffs the balance of the purchase price found to be $317,587.00, plus interest from the date plaintiffs should have been paid. A supplemental report was also filed.
On June 24, 1971, in the court’s final judgment the special master’s report was confirmed in all respects except depreciation. This resulted in a reduction of the award by $67,367.00, plus interest. This amount was arrived at by the court giving effect to the letter of April 29, 1967, executed by Mr. Koenig, and setting up a different value for the assets purchased, for the purpose of computing depreciation.
This court consolidated three appeals and a cross-appeal directed to a single final order styled a “final judgment” which, inter alia, confirmed in all respects, save one which involved depreciation, reports of a special master appointed by the trial court under a count invoking equitable jurisdiction.
Plaintiffs, Mr. and Mrs. Koenig, are appellants in case No. 71-725. They seek review of the judgment dated June 24, 1971, entered after an accounting before a special master appointed pursuant to Rule 1.490(b), Florida Rules of Civil Procedure, 30 F.S.A. They are also appellants in No. 71-979, pursuant to a notice of appeal filed after the entry of an order denying a petition for rehearing filed by defendants, Sun Engineering, Inc., and by its parent, WATSCO, Inc. These corporations, appellees in the cases No. 71-725 and 71-979, are the appellants in No. 71-1002; and they seek review of the same June 24, 1971 judgment. The Koenigs have entered a cross-appeal in case No. 71-1002.
The primary legal issues presented are: (1) Did the trial court err in refusing to confirm the special master’s allowance of depreciation as to Mrs. Koenig? (2) Did the trial court err in refusing to confirm the special master’s allowance of depreciation as to Mr. Koenig? (3) Did the court err in refusing to disturb the master’s allowance of an almost $8,600.00 sale item as being made during the relevant period? (4) Did the court err in refusing to disturb the master’s reallocation of expense items among corporate operations? Another issue concerns the propriety of an *853 order denying a petition for rehearing which purported to modify the final judgment appealed by deleting an award to Mr. Koenig for breach of an employment contract.
To begin with, we discuss the issue as to the allowance of depreciation in the computations of profit under the profit sharing terms of the sales contract, in light of the weight properly accorded findings of fact made by a special master. Prior to the promulgation of Rule 1.490(b), in Florida the law relating to the conclusiveness of findings by a special master was well settled. In Harmon v. Harmon, Fla.1949, 40 So.2d 209, the court reconciled apparently conflicting prior cases. Where the special master was appointed with the consent of the parties and had the opportunity of observing the witnesses and documents, then his findings and conclusions were to be accorded the same weight as the verdict of a jury in a common law action. E. g., Croom v. Ocala Plumbing & Electric Co., 62 Fla. 460, 57 So. 243, 245; Dade County v. Trombly, Fla.App. 1958, 102 So.2d 394, 397-398; and authorities cited in McAnespie v. McAnespie, Fla.App. 1967, 200 So.2d 606. The procedural rule quoted above did not change this legal principle explained in the Harmon case.
As to Mrs. Koenig, she is entitled to a reinstatement of one-half of the $67,-367.00, plus interest, reduction ordered by the trial court. The record, without contradiction, reflects that she did not sign the letter of clarification drafted by Sun Engineering, which her husband did sign.
The master concluded that the April 29, 1967 letter signed by Mr. Koenig was ambiguous ; he believed that the more reasonable interpretation was advanced by Mr. Koenig who was induced to sign the letter because of various representations by defendants. The original order of reference, dated August 20, 1970, specified in paragraph 3 that the master was to consider depreciation on the fixed assets of the Castle and Clinic operations in accordance with the sale contract and the April letter signed by Mr. Koenig. On October 27, 1970, an amended order of reference declared void paragraph 3, and instead ordered the master to determine allocation of depreciation in accordance with generally accepted accounting principles based on the contract and April letter.
As to Mr. Koenig, the court correctly refused to follow the recommendations of the master regarding the treatment of depreciation expense in the computation of net profits. In our view the amendment to the order of reference permitted the trial court to interpret the sales contract and April letter respecting depreciation as raising questions of law (such as parole evidence and the interpretation of contracts). These questions of law were correctly ruled upon by the trial court.
As to the third primary issue, Sun Engineering and WATSCO have, inter alia, vigorously urged that the master erred in allowing a claim for almost $8,600.00 for certain products allegedly sold by the businesses formerly owned by the Koenigs during the relevant period. The testimony was in conflict and the master impliedly found that the defendants below concealed or destroyed the pertinent records, or perhaps negligently failed to retain them. In view of the conflicting testimony, we uphold the order of the trial court which confirmed that portion of the reports of the master allowing the $8,600.00 claim by plaintiffs. There was sufficient evidence in the record to support the master’s findings. The court and the master resolved these issues against the defendants.
With respect to the other contentions urged by the defendant corporations as to issue four, concerning expense items, we have read carefully the cogently argued briefs and have considered the oral arguments presented. We have examined the record in light of the argumentation advanced and authorities cited. The • trial court accepted the factual findings of the *854 special master, which findings are accorded the weight of a jury verdict. We express the view that the trial court correctly accepted these findings and correctly overruled the objections lodged against the master's report and supplemental report.
Lastly, the order entered upon defendant’s petition for rehearing recommended, “ . . . that the Final Judgment of this Court on appeal should be modified so as to delete any award of monies to Melvin Koenig for the breach of the employment contract,” amounting to about $29,000.00 plus interest, as alleged in Count I of the amended complaint. There is a question as to whether the trial court had jurisdiction to enter this order. We conclude that the recommendation has merit. We express the view that the orders of reference to the special master included only issues of fact to be determined under Count II. The court had indicated that he intended to hear testimony relating to the allegations in Count I, and would rule on impanelling a jury to try the issues raised under Count IV. The 1854 opinion of White v. Walker, 5 Fla. 478, 486, states that the master may not go beyond the matters referred to him, but that if a master reports as to a matter which was not referred to him, his report so far as it relates to that matter is a nullity. See also: Burns v. Burns, 153 Fla. 73, 13 So.2d 599, 602.
Therefore, for the reasons stated and the authorities cited: (1) In the Koenigs’ appeals in case numbers 71-725 and 71-979, and their cross appeal in number 71-1002, we modify that portion of the final judgment to allow Mrs. Koenig to receive one-half of $67,367.00, plus interest at the rate of 6 per cent per annum from the date of the breach of the profit sharing provisions, and as modified, we affirm. (2) However, in the appeal in number 71-1002 lodged by Sun Engineering Corporation and WATS-CO, Inc., we vacate without prejudice that portion of the judgment purporting to award money damages to Mr. Koenig for breach of an employment contract, but affirm in all other respects.
Vacated in part, and modified in part, and as modified, affirmed in all other respects.