340 So.2d 942 (1976)
Edith Maude HENDRY, Appellant,
v.
Joe B. HENDRY, Jr., Appellee.
No. 75-2208.
District Court of Appeal of Florida, Fourth District.
November 26, 1976.
*943 William H. Sned, Jr., of Winters, Brackett, Lord & Held, West Palm Beach, for appellant.
C. Robert Burns of Burns, Middleton, Farrell & Faust, Palm Beach, for appellee.
SMITH, ROBERT P., Jr., Associate Judge.
Ms. Hendry appeals from an order of the Palm Beach County circuit court overruling her exceptions to the report of the special master to whom, by stipulation of the parties, the court referred her petition for modification of the provisions in a 1968 divorce decree. That decree provided, also by consent, that appellee Mr. Hendry pay $500 per month for support of the parties' daughter. Ms. Hendry's modification petition sought an increase in support for the child, who was four years of age at the time of the divorce and eleven when the modification petition was filed, on grounds that Mr. Hendry's ability to pay had increased significantly, the child's needs had increased with age, "and the purchasing power of the American dollar has decreased." The ground last stated had reference to facts that Ms. Hendry is a naturalized American, a native of another country, and that she and the child took successive residences in Amsterdam and Beirut in the time between entry of the final decree and the filing of the modification petition.
Section 61.13(1), F.S. 1975, provides that the court dissolving a marriage may order payment of such child support as from the circumstances of the parties and the nature of the case is equitable. It further provides:
"The court initially entering an order requiring . .. child support payments shall have continuing jurisdiction ... to modify the amount of the child support payments ... when such is found to be necessary by the court for the best interests of the child ..., when the child ... has reached the age of 18 years, or when such is found to be necessary by the court because there has been a substantial change in the circumstances of the parties."[1]
After receiving evidence, the master found that there had been "a dramatic decrease in the total net worth" of Mr. Hendry, as evidenced by financial statements that his net worth was approximately 3.1 million dollars in 1967, approximately 4.9 million dollars in 1972, approximately 5.8 *944 million dollars at year-end 1973 and approximately $2.8 million dollars in mid-1975. Ms. Hendry's appeal is predicated on her testimony to the effect, as summarized by the master, that
"... the child takes tennis lessons at a cost of $50.00 per month, needs to go to summer camp at a cost of $500.00 to $600.00 per month, should be able to visit her grandmother in Europe and wants to send her to Palm Beach Day School at a cost of $2,050.00 annually because the child speaks four (4) languages and this specialization is not available in the public school system. The child has been attending public schools for the last two (2) years."
No testimony was presented concerning the child's existing and anticipated needs when, at age four, support of $500.00 per month was awarded for her benefit.
Although the master's report contains findings which support the conclusion that Mr. Hendry's financial position has recently deteriorated, and therefore that increased child support payments cannot be predicated on his increased ability to pay, the master's report is barren of findings on the issue of "the best interests of the child" as affected by educational and recreational opportunities. Therefore, while the chancellor and we have an obligation to accord the master's fact findings the same weight as given the verdict of a jury in an action at law,[2] this case comes to us without the benefit of findings on the critical issue.
Given Mr. Hendry's wealth, it could hardly be argued that he is unable to now make such additional payments as are necessary for his daughter to attend an appropriate school and summer camp. The question, then, is whether it is in her best interests that these advantages be provided. On this issue, we intimate no view except to say that private schools and summer camps exist because many who are able to afford such attentions to their children believe they are necessary or desirable to a child's proper development. In the particular circumstances of this case, the judgment of the chancellor or the master may be to the contrary; but as yet neither has so found.
Mr. Hendry's obligation to his daughter in matters of this sort continues unabated through her youth, and that obligation is no less today because, in 1968, $500 per month was thought adequate for her then and future needs. If in 1968 the parties miscalculated their daughter's future needs, or if inflation here and abroad has now put desirable educational and recreational opportunities beyond reach, or even if Ms. Hendry unwisely spent money during the years in which some part of it could have been accumulated to pay the greater expenses now contemplated, none of those facts would now justify excusing a millionaire from any part of his obligation to provide properly for his daughter's present educational and recreational needs which cannot be met by the former wife's financial ability. See Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3d DCA 1975). If it is apprehended that Ms. Hendry has not competently managed support money intended for the benefit of her daughter, or that she cannot do so now, the chancellor may readily require Mr. Hendry's payments for education and recreation to be paid directly to those providing those services.
The order denying increased child support payments is reversed and the case remanded for further proceedings. Appellant's motion for allowance of fees for the services of her attorney on appeal is granted, the amount to be determined by the trial court.
REVERSED AND REMANDED.
DOWNEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Sec. 61.14(1), F.S. 1967, contained similar provisions. There is no contention here that the criteria for modifying child support payments, as stated in § 61.13(1), F.S. 1975, are inapplicable because support payments were ordered under prior statute.
[2] Rule 1.490, R.C.P.; Koenig v. Watsco, Inc., 261 So.2d 851, 853-54 (Fla.App.3d 1972); Harmon v. Harmon, 40 So.2d 209, 213 (Fla. 1949); Burns v. Burns, 153 Fla. 73, 77, 13 So.2d 599, 602 (1943).