408 So.2d 644 (1981)
SARASOTA COUNTY PUBLIC HOSPITAL BOARD, a Body Corporate, Petitioner,
v.
Mahfouz EL SHAHAWY, M.D., Respondent.
No. 81-820.
District Court of Appeal of Florida, Second District.
December 23, 1981.
Rehearing Denied January 26, 1982.
*645 William T. Harrison, Jr., A. Lamar Matthews, Jr., and Frazer F. Hilder of Williams, Parker, Harrison, Deitz & Getzen, Sarasota, for petitioner.
Hugh E. Reams of Goldner, Reams, Marger, Davis, Piper & Kiernan, P.A., St. Petersburg, for respondent.
HOBSON, Acting Chief Judge.
Petitioner/Board seeks certiorari review of the order of the Sarasota County Circuit Court which required the Board to reconsider respondent Shahawy's application for Cardiac Catheterization Laboratory privileges and which modified the Board's criteria under which Shahawy and others would qualify for those privileges. Shahawy asks in a cross-petition that this court order the Board to grant his application for privileges. While we see no merit to the cross-petition, we find that the circuit court's order constitutes a departure from the essential requirements of law.
Shahawy is a licensed medical doctor who has been certified by the American Board of Internal Medicine but not certified by the American Board of Cardiology. The criteria under which Shahawy sought laboratory privileges were as follows:
1. Privileges: The Standards Committee shall set forth clinical privileges of the Cardiac Cath physicians by making recommendations to the Medical Section Privileges Committee using these criteria:
a.) Board certified by the American Board of Cardiology.
b.) Two years of cardiac cath training and experience (it is desirable, but not absolutely necessary to have previous participation in a directorship capacity).
c.) Maintenance of a continuing level of activity sufficient to maintain quality and experience.

*646 d.) Unusually qualified persons not fulfilling all of the above criteria may be given special consideration by recommendation of the Cardiac Cath Lab Standards Committee through the Medical Sections Privileges Committee to the Credentials Committee and the Executive Committee.
Because Shahawy was not Board certified in Cardiology and therefore not eligible for privileges under sections (a) through (c) of the criteria, his application was considered under section (d), the "unusually" qualified section. After the Board had denied Shahawy's application, Shahawy filed a petition for writ of certiorari with the Sarasota County Circuit Court. The circuit judge reversed the Board's action and ordered it to reconsider Shahawy's application under section (d) of their criteria but without the term "unusually" qualified being considered.
The circuit court's order was based upon the premise that section (d) of the criteria was in violation of section 395.0653, Florida Statutes (1979). Subsections (1) and (2) of that statute read as follows:
Use of Hospital and Staff.
(1) Any hospital licensed under this chapter in considering and acting upon applications for staff membership or professional clinical privileges shall not deny the application of a qualified doctor of medicine licensed under chapter 458, doctor of osteopathy licensed under chapter 459, doctor of dentistry licensed under chapter 466, or doctor of podiatry licensed under chapter 461 for such staff membership or professional clinical privileges within the scope of his respective licensure solely because the applicant is licensed under any of said chapters.
(2) Nothing herein shall restrict in any way the authority of the medical staff of the hospital to review for approval or disapproval all applications for appointment and annual reappointment to all categories of staff and make recommendations on each to the governing authority, including delineation of privileges to be granted in each case. In making such recommendations and in delineation of privileges, each applicant shall be considered on an individual basis pursuant to criteria applied equally to all other disciplines. (Emphasis supplied.)
The circuit judge held that because the criteria placed a higher standard on physicians not Board certified by the American Board of Cardiovascular Diseases, they were in violation of section 395.0653(2), which requires that applicants be considered pursuant to criteria applied equally to all other "disciplines".
We disagree with the circuit court's reasoning that this statute prohibits a hospital from denying privileges to a physician solely because he is not Board certified. Since subsection (1) of the statute prohibits denial of privileges solely because the applicant is licensed as a physician, an osteopath, a dentist or a podiatrist, the reference to "disciplines" in the next section must refer to those four different fields of licensure rather than the narrower classifications within one of the disciplines. Such a reading of the statute is mandated under the familiar principle of ejusdem generis. Shepard v. Thames, 251 So.2d 265 (Fla. 1971).[1]
*647 Since the Board's criteria did not violate section 395.0653, we proceed to the question of whether the criteria are otherwise reasonable.
Florida law has afforded great discretion to hospital boards in granting or denying privileges at their facilities under criteria which they have formulated. Usually, the hospital's discretion is limited only by the constitutional requirement that the standards for privileges be reasonably related to furthering the goal of providing high quality patient care, that the power of the hospital not be exercised in an unreasonably arbitrary and capricious manner and that the decisions of the hospital be subject to judicial review. North Broward Hospital District v. Mizer, 148 So.2d 1 (Fla. 1962). Bryant v. City of Lakeland, 158 Fla. 151, 28 So.2d 106 (Fla. 1946). The Florida Supreme Court has also provided that merely being a physician licensed by the state does not guarantee admission on the staff of a hospital. Green v. City of St. Petersburg, 154 Fla. 339, 17 So.2d 517 (Fla. 1944).
In Dade County v. Trombly, 102 So.2d 394 (Fla.3d DCA 1958), the district court of appeal upheld the following three out of nine requirements for appointment of a physician to the medical staff: (1) a graduate of an approved medical school, (2) an internship of at least one year in a hospital approved by the medical board and (3) competent in the line of work he proposes to do.[2]
The criteria in the instant case are not as restrictive as the criteria upheld in Trombly in that section (d) provides for the granting of privileges to a doctor who does not meet the more restrictive requirements of sections (a) through (c) but who is otherwise "unusually" qualified. Accordingly, we hold that the criteria of the Board are reasonable and that the Board need not strike the word "unusually" from section (d) of those criteria.
Because the trial court did not make a finding as to whether the Board's decision in denying Shahawy's privileges was supported by competent substantial evidence, we remand this case for a determination on that issue.
Certiorari GRANTED. Order is QUASHED and the cause REMANDED for further consideration in accordance with this opinion.
GRIMES and DANAHY, JJ., concur.
NOTES
[1] The statute was apparently enacted to prevent the arbitrary denial of privileges to doctors of osteopathy, dentistry and podiatry. Florida courts have upheld the exclusion of osteopaths from hospitals prior to the enactment of section 395.0653. Richardson v. City of Miami, 144 Fla. 294, 198 So. 51 (Fla. 1940); Taylor v. Horn, 189 So.2d 198 (Fla.2d DCA 1966). As to the exclusion of some other fields of licensure in other states see Hayman v. Galveston, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714 (1927) (osteopaths); Greisman v. Newcomb Hospital, 40 N.J. 389, 192 A.2d 817 (1963) (osteopaths); Munroe v. Wall, 66 N.M. 15, 340 P.2d 1069 (1959) (osteopaths); Shaw v. Hospital Authority of Cobb County, 507 F.2d 625 (2d Cir.1975) (podiatrists); Touchton v. River District Community Hospital, 76 Mich. App. 251, 256 N.W.2d 455 (1977) (podiatrists); Grodjesk v. Jersey City Medical Center, 135 N.J. Super. 393, 343 A.2d 489 (1975) (oral surgeons); Boos v. Donnell, 421 P.2d 644 (Okla. 1966) (chiropractors). See generally Annot., "Exclusion of or Discrimination Against Physician or Surgeon By Hospital", 37 A.L.R.3d 645 (1971); "Denial of Hospital Staff Privileges", 1 Am.Jur. P.O.F.2d 605 (1974).
[2] For examples of other criteria for admission to or removal from hospital staffs see: North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962) (upholding the following  "The Board of Commissioners reserves the right to remove any member of the medical staff or to deprive any physician or surgeon of the privileges of the hospital whenever in their sole judgment the good of the hospital or the patients therein may demand it."); Hamilton County Hospital v. Andrews, 227 Ind. 217, 84 N.E.2d 469 (1949), c.d., 338 U.S. 831, 70 S.Ct. 73, 94 L.Ed. 506 (1949) and Jacobs v. Martin, 20 N.J. Super. 531, 90 A.2d 151 (1952) (upholding the requirements that physicians who wanted to do major surgical procedures at the hospitals be approved by or be a fellow of the American College of Surgeons); Foster v. Mobile County Hospital, 398 F.2d 227 (5th Cir.1968) (striking down a requirement that a physician seeking privileges be a member of the local county medical society). See generally "Working Rules for Assuring Nondiscrimination in Hospital Administration", 74 Yale L.J. 151 (Nov. 1964).