## ALICE PEARCE KUBE v. ROBERT H. KUBE

32 So. (2nd) 921                                              June Term, 1947
December 19, 1947                                                 Division A

*Watson & Brown* and *C. J. Brown, Jr.,* for appellant.
*Kenneth White,* for appellee.

SEBRING, J.:

Alice Pearce Kube brought suit for divorce against her husband, Robert H. Kube, on the grounds of habitual indulgence by defendant in violent and ungovernable temper and extreme cruelty. In her bill the plaintiff prayed for the custody of the six months old child of the parties, for support money for the child, and for alimony. At final hearing the chancellor granted the plaintiff a divorce, gave her the custody and control of the child, and decreed that the husband should contribute the sum of $25.00 per week for its support and maintenance; but refused the prayer for alimony. The wife has taken an appeal from that portion of the decree denying alimony.

From the testimony appearing in the record on the issue of alimony it is indisputably shown that at the time of the hearing the defendant was engaged in a business whereby he earned approximately $550. a month, that the plaintiff had no independent income, and that she was entirely dependent upon the defendant for a livelihood. The plaintiff was living with her parents, who were engaged in operating a small tourist home in North Carolina, this being their only real source of income. Plaintiff could not work and earn money of her own for the reason that her father was physically incapacitated, her mother was presently employed, and no one else was available to take care of the six months old baby in the event the plaintiff obtained employment.

We are of opinion that under these facts the chancellor should have made an award of alimony to the plaintiff, and that his refusal to do so amounted to an abuse of judicial discretion. On this issue, therefore, the decree appealed from should be modified and the cause remanded with directions to the chancellor to reconsider the matter and thereupon to make an award of alimony to the plaintiff in at least some reasonable amount commensurate with the necessities of the plaintiff and the ability of the defendant to pay, as shown by the record.

It is so ordered.

Thomas, C. J., TERRELL and CHAPMAN, JJ., concur.