123 So.2d 295 (1960)
Annette R. SCHIFF, Appellant,
v.
Simon J. SCHIFF, Appellee.
No. 60-10.
District Court of Appeal of Florida. Third District.
September 22, 1960.
Rehearing Denied October 18, 1960.
*296 Ferrell & Young and Milton M. Ferrell, Miami, for appellant.
Sidney M. Aronovitz, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellee Simon J. Schiff sued the appellant Annette R. Schiff for divorce on the grounds of extreme cruelty and desertion. The wife defended the cause, sought custody of the minor child of the parties and alimony and child support. On final hearing the chancellor granted the husband a divorce, awarded the wife the custody of the child who is now 7 years of age, with rights of visitation reserved to the husband. The wife's prayer for alimony was denied and the court allowed her $15 a week for support of the child.
On her appeal the wife challenges the granting of the divorce against her, the denial of alimony and of her claim for certain costs. She also argues that the amount allowed for child support was inadequate.
On consideration of this record, which was based on conflicting evidence, we affirm the chancellor's decision on the divorce, and as to the costs, but we reverse the denial of alimony and as to the amount of child support.
The chancellor made no findings as a basis for disallowance of alimony. The wife should be entitled to receive alimony notwithstanding she was found guilty of the grounds for divorce alleged. See Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480; Cowan v. Cowan, 147 Fla. 473, 2 So.2d 869. The only reason shown by the record for denying the wife alimony was that she is able to earn money by giving piano lessons. The denial of her application for alimony without a reservation of jurisdiction leaves her without the right to apply to the court in the future for financial assistance from the husband whose duty it is to support her, in the event of a change in her circumstances which might render her unable to continue to teach music. See Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299; Weiss v. Weiss, Fla.App. 1960, 118 So.2d 833.
The amount of $15 per week which the court allowed in this case for child support would appear to be inadequate on its face for the care and maintenance of the 7 year old daughter. The husband's obligation *297 to support of the child is clear, and though his income is limited to approximately $300 per month, it is sufficient from which to supply the amounts reasonably necessary for the care and support of this child of school age. The appellant insists that the amount allowed is inadequate and that she would be unable to support the child except for the assistance she receives through being able to live with her mother, thus saving housing expense. Her counsel argues, and correctly so, that it is the child's father and not the maternal grandparent who is obligated by law to furnish the child's support.
On behalf of appellee it was argued that the court acted properly in limiting the support to $15 a week because some years previously when the child was an infant, a court in Massachusetts, which was the state of the marital domicile, in granting an application of the wife for child support fixed the amount at $15 per week, and later refused to increase it; and appellee points out that the husband at that time was earning only $10 to $20 a week less than he is earning at the present time. The amount of the allowance as fixed by the Massachusetts court some 5 years ago is not binding on the court in this cause, or necessarily to be used as a guide to determine the amount which is reasonably necessary for the support of the child who now is 7 and of school age.
We are of the opinion that the chancellor should have allowed some alimony to the wife, or, on finding that she was presently able to earn her livelihood, have reserved jurisdiction on the alimony question and allowed an increased amount for child support, and that the failure of the chancellor to do so amounted to an abuse of discretion. See Kube v. Kube, 159 Fla. 895, 32 So.2d 921. On these issues, therefore, the decree appealed from should be modified and the cause remanded with directions to the chancellor to reconsider the matter of alimony and child support and thereupon to make an award of alimony, or reserve jurisdiction on alimony and increase the child support, in at least a reasonable amount commensurate with the necessities of the defendant and the ability of the plaintiff to pay, as shown by the record.
Whereupon, the decree appealed from is affirmed in part and reversed in part and the cause remanded for further proceedings not inconsistent herewith and as directed.
PEARSON, Acting Chief Judge, concurs.
ODOM, ARCHIE M., Associate Judge (dissenting).
I must respectfully dissent from the opinion filed by the majority in this cause.
In the case of Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299, the District Court of Appeal, First District, had what I construe to be a similar situation before it. In that case the appellant wife was granted a divorce and child support but denied alimony. At page 301 of the text the writer defines the main question before the Court in the following language:
"The main argument of the appellant on this appeal seems to be that the circuit judge committed error in failing to provide in his final decree that the court reserved jurisdiction of the matter of alimony to the appellant."
At page 302 of the text the Court answers the question as follows:
"We are very much impressed with the equity in the appellant's position and are constrained to think that, if we had been sitting as the chancellor in this case below, we would have reserved jurisdiction in the final decree so that we could entertain jurisdiction of the appellant's application for alimony if in the future the circumstances of the parties should so change as to show a great need of the appellant *298 for alimony and an increased financial ability on the part of the appellee to pay alimony. This does not, of course, mean that alimony should be awarded upon a change of circumstances, but it does seem fair and right in a case like this to reserve jurisdiction so that the court would have the power to entertain a future application by the wife for alimony. That is the way we think we would have exercised our discretion, but that does not necessarily mean that the circuit court in this case abused its discretion in not so reserving jurisdiction. It is basic that in an appeal of this kind, where the ruling complained of was within the discretion of the lower court, we cannot reverse the final decree unless we hold that the court abused its discretion. We do not believe this to be an abuse of discretion, and so we must sustain the final decree appealed from as to the matter of its failure to reserve jurisdiction to entertain an application by the appellant for alimony."
Also in the Kirby case, supra, the court had before it the question of support of children. In that case the husband had an income of $183.30 a month plus a dependence allotment of $77.10 a month from the U.S. Army. There were two children involved. The Court required the husband to pay $50 a month to supplement the said allotment, thus making a total support payment of $127.10 a month for the two children. In the case now before the Court the husband is required to pay $15 a week out of an income of approximately $300 a month.
In the Kirby case the court in passing on the reasonableness of the amount of support said:
"We cannot say that in making the award for support of the minor children in the final decree the circuit court abused its discretion, and so that part of the final decree should be affirmed. It should be mentioned here that in the eighth paragraph of the final decree the court reserved jurisdiction of the cause for the purpose of increasing or decreasing the amounts of support money as should be required by law any time in the future, and so the circuit court will be in a position to entertain an application in the future to increase or decrease the amount awarded for the support of the children in the final decree."
I think the same reasoning should apply in the case at bar.
Finding no abuse of discretion on the part of the chancellor below, the final decree appealed from should be affirmed.