161 So.2d 227 (1964)
Robert L. DINGS, Appellant,
v.
Gwladys H. DINGS, Appellee.
No. 63-373.
District Court of Appeal of Florida. Third District.
February 11, 1964.
Rehearing Denied March 17, 1964.
*228 Nat L. Williams, Miami, for appellant.
Klein, Moore & Kline and Morton P. Brown, Miami Beach, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellee-wife was granted a divorce and other relief from appellant-husband in a suit in the Circuit Court for Dade County.
The husband has appealed from the final decree, and the wife has filed cross-assignments of error. The appellant-husband contends; (1) that the chancellor erred in granting the wife a divorce in that there was no corroboration of the plaintiff's testimony as to the allegations of cruelty, and (2) that it was error for the chancellor to refuse defendant's request to have the children testify in the divorce proceedings.
We have carefully considered the points raised by the appellant in the light of the record and applicable law; we find no reversible error.
The decision of the chancellor comes to this court with a presumption of correctness,[1] and the appellant's burden is to establish that the decree was clearly erroneous.[2] The husband has failed to sustain his burden.
Although the general rule requires that the plaintiff's testimony be corroborated in a divorce action,[3] but where it seems *229 clear that there is no collusion, as where the defendant vigorously contests the action in good faith, the courts will be satisfied with slighter corroboration than would otherwise be required.[4] It is clear from the record that there was no collaboration between the parties, and the record contained sufficient corroboration of the husband's cruelty towards his wife to justify the chancellor's granting of the divorce.
The chancellor's refusal to permit the children of the marriage to testify was not reversible error. The decision as to the propriety of such an act must rest with the chancellor, and this exercise of discretion will not be interfered with on appeal, unless a substantial error is demonstrated.[5] No such error being discovered the chancellor's action in this regard is affirmed.
Appellee-wife by cross assignments contends that the chancellor erred; (1) in failing to award her a one-half interest in and to the joint savings account of the parties and denying her any interest therein, and (2) in refusing to grant her any alimony.
In order for the chancellor to have concluded that the wife was not entitled to any share of the joint savings account, it was necessary for the chancellor to make a finding of fact that the wife did not substantially contribute to the fund which created the joint account. We will not disturb that finding of fact, inasmuch as, there is sufficient evidence in the record to support such finding.[6]
The chancellor committed error in failing to reserve jurisdiction to award alimony in the future if such should be applied for and properly allowable.[7] It is well settled that the failure of a divorce decree to award alimony or to reserve jurisdiction bars the wife from subsequently applying for alimony pursuant to § 65.15, Fla. Stat., F.S.A.[8] The chancellor's order precluded the wife from ever obtaining alimony in the event of a change in circumstances. The decree should be amended to provide for such a possibility.
Affirmed in part and reversed in part and remanded.
NOTES
[1] Joyner v. Andrews, Fla.App. 1962, 137 So.2d 870.
[2] Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588.
[3] Lentz v. Lentz, Fla.App. 1960, 120 So.2d 815; Martin v. Martin, Fla.App. 1958, 102 So.2d 837, and cases cited therein.
[4] 10 Fla.Jur., Divorce, etc. § 40; 17 Am. Jur., Divorce, etc., §§ 417 and 421 and cases cited therein.
[5] 17 Am.Jur., Divorce and Separation, § 455; 35 Fla.Jur., Witnesses, §§ 54-58.
[6] Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6; 10 Fla.Jur., Divorce, etc., § 209 at p. 619, "And where a wife renders a small amount of services, requiring no extra skill, in the husband's business, this may be too insignificant to establish an equitable interest in the business."
[7] Paragraph 6 of Final Decree reads as follows:

"That because of the fact that the plaintiff-wife is self-supporting, this court finds that there is no need for alimony unto the plaintiff-wife and, therefore, no award is made to the plaintiff."
[8] Schiff v. Schiff, Fla.App. 1960, 123 So.2d 295; Weiss v. Weiss, Fla.App. 1960, 118 So.2d 833.