189 So.2d 499 (1966)
Maxine K. PENDLETON, Appellant,
v.
Herbert M. PENDLETON, Appellee.
No. 267.
District Court of Appeal of Florida. Fourth District.
June 30, 1966.
Rehearing Denied September 14, 1966.
*500 Donald H. Norman, of Ross, Norman & Cory, Fort Lauderdale, for appellant.
Warren O. Windle, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final decree in divorce. The appellant, plaintiff below, was awarded a final decree of divorce but the chancellor ruled against appellant's contention that she was due a special equity in the residence which had been purchased with the appellee during coverture as an estate by the entirety. The chancellor further ruled against the appellant's contention that he should retain jurisdiction for the purpose of determining alimony in the future. These are the two points brought on for review by this court.
The appellant filed her complaint alleging that the parties were wed in New York state in 1948, that there were no children born of this marriage, that the defendant possessed a violent and ungovernable temper and that he was guilty of extreme cruelty toward her. The appellant further alleged that she was and had been since coming to Florida a teacher in the public schools of Broward County and that, although the appellee was employed and earned a good wage, he had failed to pay his share of their household expenses.
The appellee's answer acknowledged the residence, marriage, lack of children and that he and his wife owned as an estate by the entirety their residence in Fort Lauderdale but denied all allegations of misconduct on his part.
There was testimony that there was considerable unpleasantness within the home as a result of the appellant's visits with her family in the north and appellee's alleged use of intoxicating beverages. The appellant, a school teacher, had earned in excess of $6,000.00 a year for a number of years while the appellee, as a cabinet maker, had earned approximately $4,000.00 a year. In 1953 they had purchased their home for $17,500.00. At present there is an outstanding mortgage balance of $2,826.40. The appellant was the family bookkeeper depositing her checks in a joint bank account from which mortgage payments and various other bills were paid. The appellee cashed his paycheck and deposited the proceeds in a bowl in the china closet from which groceries, utility bills and other family obligations were met. The wife had a teacher's credit union account into which she also made deposits.
The chancellor after hearing all of the testimony determined that the appellant had sustained the burden of proof as to a divorce upon the grounds of extreme cruelty but denied her alimony with no reservation of jurisdiction to award alimony in the future. The chancellor further ruled that each party had contributed to the marriage and to the purchase of the residence. The appellant's contention as to a special equity in the residence was denied and the parties were declared to own the residence as tenants in common. The chancellor ruled that *501 they should share equally the estate that had been accumulated during coverture.
On appeal the appellant contends that it was error for the chancellor not to reserve jurisdiction for the purpose of awarding alimony because without such reservation the decree precludes the wife from ever obtaining alimony in the event of a change in circumstances.
The question of whether alimony shall be awarded the wife is within the sound judicial discretion of the chancellor. Pross v. Pross, Fla. 1954, 72 So.2d 671; Longino v. Longino, Fla. 1953, 67 So.2d 203. Section 65.08 F.S.A. originally enacted in 1828 provides that the court shall make allowance for alimony to the wife "* * * as from the circumstances of the parties and nature of the case may be fit, equitable, and just; * * *." The criterion by which the chancellor determines what alimony, if any, is to be awarded the wife is the wife's need and the husband's ability to pay. Kahn v. Kahn, Fla. 1955, 78 So.2d 367; Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169; Chaires v. Chaires, Fla. 1864, 10 Fla. 308.
It has been held in Florida that if alimony is denied or omitted in the final divorce decree without the court reserving jurisdiction the wife cannot obtain it later. Schiff v. Schiff, Fla.App. 1960, 123 So.2d 295; Weiss v. Weiss, Fla.App. 1960, 118 So.2d 833. The Third District Court of Appeal has taken the position that it is error for the court to not reserve jurisdiction to award alimony to the wife in the future when she is denied alimony in the final divorce decree. Steele v. Steele, Fla.App. 1965, 177 So.2d 873; Dings v. Dings, Fla. App. 1964, 161 So.2d 227.
We cannot concur in the conclusion of our sister court expressed in Dings and Steele. As in the initial determination of the question of alimony, where a wife has no absolute right to alimony, she also has no absolute right to a provision in the decree denying alimony that reserves jurisdiction for the purpose of awarding alimony in the future. This question is to be determined from all the facts and circumstances and is within the sound judicial discretion of the chancellor. Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299. In the case before us the wife's income was greater than that of her husband. By length of her tenure as a teacher in the Broward County school system she enjoys a continuing contract and is assured of substantial retirement benefits. None of these features of future security are enjoyed by the husband. For these and all the other facts shown by the record we find that the chancellor properly denied alimony and properly refused to retain jurisdiction to award alimony in the future.
Affirmed.
SMITH, C.J., ANDREWS, J., and THOMAS R. WADDELL, Jr., Associate Judge, concur.