WIGGINTON, Chief Judge.
Appellant seeks review of a final order dismissing her petition filed pursuant to F.S. Section 65.15, F.S.A., seeking modification or clarification of a final decree of divorce previously rendered in an action between the parties.
A suit for divorce brought by appellee husband against appellant wife culminated in a final decree rendered on June 1, 1965. This decree granted a divorce to the parties, settled property rights between them and awarded attorney’s fees and costs to appellant. The decree is silent with respect to the issue of alimony, and contains no provision by which the court retained jurisdiction of the cause for the purpose of making an alimony award to the appellant wife at a future time. No appeal from this decree was taken, as a result of which each party became bound by the terms and provisions thereof.
On November 9,1966, appellant wife filed in the cause a petition seeking modification or clarification of the final decree of divorce alleging in substance that because of poor health she has exhausted the funds awarded to her in the property settlement provisions of the final decree and is now in dire need of financial assistance from her former husband. She alleges that his financial circumstances are such that he can afford to pay her such reasonable alimony as may be awarded by the court. She prays for a decree awarding her periodic alimony retroactive to the date of the divorce decree, a reasonable sum for the medical expenses incurred by her, and attorney’s fees and costs incurred in the proceedings. In response to appellee’s motion an order was rendered dismissing the petition without leave to amend. It is that order which appellant seeks to have reviewed by this appeal.
Appellant invites our attention to the pertinent statute on which she relies for relief, and insists that the allegations of her petition with respect to her changed circumstances due to ill health and exhaustion of all financial means of support and the improved financial ability of her husband adequately state grounds for relief thereunder.[1] Because of this she insists that the chancellor erred in dismissing her petition without leave to amend.
The statute and authorities on which appellant relies have application only in those cases in which the final decree of divorce either awards the wife periodic alimony, or in which jurisdiction is reserved by the court to consider a petition by the wife for the award of alimony at some future time upon proof of changed circumstances and financial ability of the husband to meet such needs. Appellant’s authorities do not authorize or permit the modification of a divorce decree which either awards lump sum alimony, or fails to make any award of alimony and jurisdiction to do so at a future date is not retained by the court.
In its work on Florida Family Law by the Florida Bar in its program of Continuing Legal Education, it is said:
“Failure of a divorce judgment to award alimony bars the wife from subsequently applying for alimony under § 65.15, Fla.Stat.1963. Dings v. Dings, Fla.App., 161 So.2d 227 (3d D.C.A. Fla.1964), cert. dism. Fla., 165 So.2d 168. Accordingly, counsel should be absolutely sure to have a provision in the final judgment reserving jurisdiction to award alimony or have a nominal sum awarded that would enable the wife to petition for modification at such time as circumstances might justify an award of alimony.” [2]
*622 In the case of Schraner v. Schraner[3] this court said:
“Our Supreme Court has held that a final decree of divorce closes the suit and if jurisdiction is not retained by the court, the final decree becomes absolute. * * * ”
In the case of Kirby v. Kirby [4] the chancellor rendered a final decree of divorce in which he denied the wife’s prayer for alimony and in which he refused to retain jurisdiction of the cause for the purpose of considering any future petition by the wife for modification seeking an allowance of alimony. In affirming the final decree this court said:
“The main argument of the appellant on this appeal seems to be that the circuit judge committed error in failing to provide in his final decree that the court reserved jurisdiction of the matter of alimony to the appellant.
“In support of her contention on this point the appellant in her brief cites authorities for the proposition that alimony cannot be awarded after entry of a divorce decree where alimony or a provision for alimony has been omitted in the final decree. Among the cases cited is Frohock v. Frohock, 117 Fla. 603, 158 So. 106, 107, in which the Florida Supreme Court held:
“ ‘The general rule, subject to some exception, is that alimony, temporary or permanent, cannot be allowed after final decree, since the suit is no longer pending and the court has no jurisdiction of the parties. See 19 C.J. 210; Erkenbrach v. Erkenbrach, 96 N.Y. 456 ; 2 Nelson on Divorce and Separation, § 936; 1 R.C.L. 937.

“ ‘The decree did not expressly reserve the question of alimony for further consideration or for further order or decree nor does any statute of this state empower the court to make any order concerning alimony after the final decree. The statute provides merely that in a suit for divorce, if the wife shall in her answer or by petition claim alimony or suit money, and the answer or petition shall seem well founded, the court shall allow a reasonable sum therefor, and in every decree of divorce in a suit by a wife the court shall make such orders touching the maintenance, alimony, and suit money of the wife or any allowance to be made to her as from the circumstances of the parties and the nature of the case may be fit. See sections 4986, 4987, C.G.L.1927.’ ”
In Dings v. Dings[5] the Third District Court of Appeal, speaking through Judge Hendry, considered a final decree of divorce which refused to award the wife alimony, and in which the court did not retain jurisdiction to consider a petition for such an award at a later date. In commenting upon the legal effect of such a decree, the court said:
“ * * * It is well settled that the failure of a divorce decree to award alimony or to reserve jurisdiction bars the wife from subsequently applying for alimony pursuant to § 65.15, Fla.Stat., F.S.A. The chancellor’s order precluded the wife from ever obtaining alimony in the event of a change in circumstanc-gg ^ ^ Jjt
For the reasons and upon the authorities hereinabove mentioned the decree appealed is affirmed.
Affirmed.
JOHNSON and SPECTOR, JJ., concur.

. F.S. § 65.15, F.S.A.; Simon v. Simon (Fla.App.1963), 155 So.2d 849; Clutter v. Clutter (Fla.App.1965), 171 So.2d 544.

. Florida Family Law — The Florida Bar Continuing Legal Education — Alimony, Monetary and Property Belief Available, p. 961.

. Schraner v. Schraner (Fla.App.1959), 110 So.2d 33, 35.

. Kirby v. Kirby (Ma.App.1959), 111 So.2d 299, 301.

. Dings v. Dings (Fla.App.1964), 161 So.2d 227, 229.