HENDRY, Judge.
The wife was plaintiff below, having filed her suit for divorce, child custody, child support, alimony and other costs. Husband-defendant filed his answer and counterclaim for divorce, and after extensive pleadings had been filed, a final hearing was held before the chancellor. Therein, the chancellor weighed the issues raised by both parties, finding that the equities of the case were with the wife, and retained jurisdiction over the parties and the subject matter so that property and alimony rights of the parties could be determined at a subsequent time. The conclusions of the above hearing were set forth in a final judgment of divorce entered on March 29, 1968.
A second hearing was held on December 11, 1968, in order to determine the property rights, alimony, and other financial issues raised by the suit. Apparently there was no court reporter present at this hearing. However, on January 7, 1969, the trial court entered its order which reads as follows:
“1. That the Defendant, WILLIAM D. BARFIELD, is hereby ordered to execute and deliver to Plaintiff’s attorney a good and sufficient warranty deed to his un-divided (sic) one-half interest in the property deemed the homestead located at 8200 S.W. 92nd Court, Miami, Dade County Florida, with Plaintiff as grantee.
“2. That the Defendant, WILLIAM D. BARFIELD, is hereby not required or ordered to make any alimony or support payments to the Plaintiff, JAYNE L. BARFIELD.”
After the wife herself was apprised of the contents of the above order, she discharged counsel of record and retained new counsel to prosecute her appeal from the January 7, 1969, order. After the defendant-husband received notice of this appeal, counsel for the husband filed a Motion For Corrected Order, alleging therein that the chancellor erred in not specifically *134 stating that the undivided one-half interest in the parties’ homestead property was lump sum payment of permanent alimony and denying all future alimony payments. The corrected order which resulted “* * ordered and adjudged that other than the lump sum settlement provided for herein the defendant, William D. Barfield, shall not be required to make any further alimony payments.” Thus, the main issue on appeal is whether the chancellor abused his discretion in granting, as a lump sum settlement in lieu of any other alimony to the wife, the husband’s undivided one-half interest in and to the parties’ homestead premises ?
Initially, we must examine the correctness of the chancellor’s entering a corrected order, supra, pursuant to the husband’s motion. We find no error in this procedure since the limited record on appeal clearly shows that the chancellor acknowledged any error which may have been made in the original order of January 7, 1969. Moreover, the husband’s Motion For Corrected Order was filed well within the one year period of limitations provided for in Rule 1.540(b) Florida Rules of Civil Procedure, 31 F.S.A.
Moving on to the issue at bar, i. e., whether the court erred in awarding an undivided one-half interest in the homestead property as lump sum alimony, and in lieu of any other alimony, we do not find any error present. There is no evidence before us of a palpable abuse of discretion on behalf of the chancellor. E. g., Milander v. Milander, Fla.App.1968, 208 So.2d 876; Burnett v. Burnett, Fla.App. 1967, 197 So.2d 854.
However, we do find a deficiency in the corrected order in that the chancellor failed to reserve jurisdiction over the cause in the event that the appellant applies in the future for financial assistance because of a change of circumstances. Schiff v. Schiff, Fla.App.1960, 123 So.2d 295.
Therefore, the corrected order being appealed is hereby affirmed as it applies to the determination of property rights, and modified to include a reservation of jurisdiction for the court to consider any future application for periodic alimony.
Affirmed with modification.