HENDRY, Judge.
The wife was plaintiff in her action for divorce below. She has appealed from three portions of the final judgment of divorce. The appellant’s first point contends that the amount of alimony awarded to her was insufficient. We have closely reviewed the record on appeal and conclude the appellant has failed to show that the chancellor abused his discretion in this area. See Milander v. Milander, Fla.App.1968, 208 So.2d 876, and cases cited therein.
As her second point on appeal, the appellant contends that the chancellor erred when he ordered as follows:
“10. * * * Only until such time as [the marital home] can be sold or partitioned is the Plaintiff, Delores CEN-TRELLA, and the children granted the right of occupancy of said home. During such pending period, the Defendant, VICTOR CENTRELLA, is directed and ordered to pay the monthly mortgage payments on said home, the utility bills, and an allowance of $20.00 per month for the gardener to keep said place in proper appearance and maintenance. The monthly mortgage payments made by the defendant after the date of this divorce shall first be deducted from the equity of the parties when the property is sold, and returned to the Defendant, VICTOR CENTRELLA, prior to- the proceeds being divided on a fifty-fifty basis.” [Emphasis added.]
The appellant’s position is that the emphasized portion above is inequitable and improper. We must agree. To require the appellant to pay part of the mortgage payments by way of diminishing her share in the property if and when it is sold, in effect relieves the husband of half of his obligation to provide a place for his wife and children to live.
We have examined appellant’s third point on appeal and find it to be without merit.
Therefore, we affirm all the provisions of the final judgment except that which was set forth above which allowed the husband to receive credit for all payments made on the mortgage. We hereby direct that the emphasized portions of the final judgment of divorce, supra, be stricken.
The judgment, as amended, is affirmed.