PER CURIAM.
This appeal by the wife from a divorce judgment in favor of the husband claims error of the court in awarding the divorce, and in denying her counterclaim for separate maintenance, and claims inadequacy in the allowance of alimony.
On consideration of the record and briefs we find no reversible error in the decision of the trial court on the issues relating to divorce and separate maintenance. With regard to the alimony allowance, the judgment should be modified to the extent set out below.
The gross income of the husband was shown to be slightly in excess of $15,000 per year. The alimony awarded was $400 a month. The parties jointly owned a residence premises, which was referred to in the brief of the appellant as a “modest home,” encumbered by a mortgage indebtedness of between $5,000 and $6,000, upon which the monthly mortgage payments were $110. By operation of law, upon entry of the divorce judgment, the parties became tenants in common of the residence property. The divorce judgment made no reference thereto.
On behalf of the wife it was earnestly contended that the alimony allowance was inadequate for her needs, in view of her physical condition requiring medical expense, and the necessity for her to pay or be charged with one half of the monthly mortgage payments and taxes on the residence property until such time as it is sold; and the need she will have to rent living accommodations after the property is sold. It appears that she is continuing to reside in the premises prior to its partition or sale.
Upon reviewing the needs of the wife and the financial ability of the husband as reflected in the record, we are inclined to agree with the contention of the appellant wife that while she continues to reside in the residence premises the husband should be required to pay the mortgage payments and taxes thereon accruing subsequent to the divorce judgment, as a part of his obligation to support the wife by supplying her a place in which to reside; and that upon sale of the residence property, requiring the wife’s removal therefrom, the matter should be re-examined in the trial court, if the wife shall so move, and a determination made as to whether, in the circumstances then prevailing, the award of alimony as previously fixed at $400 per month is adequate or should be supplemented in view of the then need of the wife to pay for housing; and the divorce judgment is to be considered modified in those respects. See Centrella v. Centrella, Fla.App.1969, 229 So.2d 882.
Judgment modified, and as so modified is affirmed.