242 So.2d 739 (1971)
Jan ZUIDHOF, Appellant,
v.
Gerda ZUIDHOF, Appellee.
No. 70-50.
District Court of Appeal of Florida, Fourth District.
January 8, 1971.
*740 Frank A. Taylor, Orlando, for appellant.
J. Russell Hornsby, of Law Offices of J. Russell Hornsby, Orlando, for appellee.
WALDEN, Judge.
This is a divorce case. Appellate complaint is brought by the husband. It is addressed to portions of the final judgment which concern the disposition of the home premises, alimony, child support, and attorney fees.

The Home
The parties purchased a modest home during marriage. Thereafter during the years mortgage payments were made, and portions were added and remodeled. In all, the husband expended toward the house approximately $9,000 plus labor, and the wife spent approximately $4,710.18.
The trial court minutely surveyed the expenditures and deemed that the parties became tenants in common with the husband to have a 23% ownership interest and the wife to have 77%. The basic method employed to reach this conclusion was to presume that one-half of all sums expended by the husband was a gift to the wife while none of the sums spent by the wife were a gift to the husband. To put the proposition another way, tenancy by the entirety property, upon divorce, entitles the wife to a one-half interest plus, as a special equity, an interest equal to all sums contributed by her.
F.S. 1969, 689.15, F.S.A., provides that in estates by the entirety the tenants, upon divorce, become tenants in common. Thus, here the wife received her statutory entitlement of one-half. In addition, she received a special equity in the husband's property to the extent of 27% of the property.
The burden of proof to establish that the wife acquired a legal or equitable interest in the husband's property rests upon the wife. Lindley v. Lindley, Fla. 1955, 84 So.2d 17. The adjustment of property rights upon divorce is an equitable proceeding and is governed by equitable principles. Beaty v. Beaty, Fla.App. 1965, 177 So.2d 54. With this in mind we have examined the evidence and find that the proofs do not support a finding of special equity. Benson v. Benson, Fla.App. 1958, 102 So.2d 748; see also Eakin v. Eakin, Fla. 1958, 99 So.2d 854; Lindley, supra; Heath v. Heath, Fla. 1932, 103 Fla. 1031, 138 So. 796, 82 A.L.R. 537. The wife is 47 years of age and the husband 60. They have jointly striven to obtain and maintain the home as they were each able. Under all the circumstances reflected, remembering that no two cases are identical, we feel that equity would not be served by a procedure, now that the marriage has foundered, whereby the wife could go back through the years and recover as a special equity in the husband's *741 one-half interest every penny expended by her. It is enough that she obtain a one-half interest even though her contributions, if this were the criteria, would not so entitle her.
The parties should be left as tenants in common with each owning 50%.

Alimony, child support and attorney fees
The trial court awarded the wife $175.00 per month as child support and $38.00 per month as alimony. He ordered the husband to pay 80% of a $1250.00 award of attorney fees for wife's counsel.
We have examined the very detailed and conscientious reasoning and findings of the trial court, coupled with the record as to the assets, need, abilities, age and all other pertinent criteria and circumstances of the parties. We will not unduly extend this opinion by recreating them here as they would be of no precedential value. We determine that no abuse of discretion has been demonstrated as concerns the amount of child support awarded, being always aware that same can be adjusted if and when changes in circumstances occur. F.S. 1969, section 61.17, F.S.A.
As to alimony and attorney fees, the wife's assets and abilities are considerably superior to those of the husband. After payment of his obligations and child support, and considering the other relative expenses of the parties, he will be left with only a minimal sum to cover his own necessities. Thus, we are persuaded that the award of alimony and attorney fees constituted an abuse of discretion and same should be cancelled. Whitehead v. Whitehead, Fla.App. 1966, 189 So.2d 397; Harrison v. Harrison, Fla.App. 1959, 115 So.2d 709; Davis v. Davis, Fla. 1957, 98 So.2d 777; Kube v. Kube, Fla. 1947, 159 Fla. 895, 32 So.2d 921; Markland v. Markland, Fla. 1945, 155 Fla. 629, 21 So.2d 145; Haddon v. Haddon, Fla. 1875, 36 Fla. 413, 18 So. 779; Chaires v. Chaires, Fla. 1863, 10 Fla. 308.
Except as herein mentioned to the contrary the judgment is affirmed, and the cause remanded for proceedings consistent herewith.
Affirmed in part; reversed in part, and remanded.
OWEN, J., and MORROW, RUSSELL O., Associate Judge, concur.