251 So.2d 705 (1971)
Mary M. MELTON, Appellant,
v.
John R. MELTON, Jr., Appellee.
No. N-246.
District Court of Appeal of Florida, First District.
August 31, 1971.
*706 John Paul Howard, Jacksonville, for appellant.
William Glenn Cone, Jacksonville, for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of that portion of a final judgment in a divorce action which denied her prayer for alimony, or reservation of jurisdiction with respect thereto, and which denied her prayer for attorney's fees.
The initial complaint in the cause was filed by appellee, and appellant counterclaimed for divorce in her answer. At the final hearing, appellee elected not to present proofs, so appellant proceeded with her proof in support of her counterclaim. No question is raised by either party concerning that portion of the final judgment granting them a divorce.
Both parties are young, he about 26 years old and she 23 at the time of final hearing. One child was born of the marriage, an eleven-month-old boy. The husband had an interest in cars and boats as reflected by the frequency with which he stayed out late at night. No other explanation appears in the record which would tend to explain the deteriorating marital relationship. He was employed by the telephone company at $673.00 a month, while she was a junior college graduate who had done some substitute teaching but had been unemployed for some time, although at the time of the final hearing she had made application for employment under the Federal Civil Service.
The court awarded custody of the minor child to appellant together with $20.00 per week child support. Appellant was awarded exclusive use and occupancy of the home which they had been purchasing as tenants by the entireties, together with all furniture, furnishings and equipment therein. Appellee was required to make the mortgage payments, as well as the electricity, telephone, water and sewage bills at the house until further order of the court, apparently intending to terminate those payments when appellant becomes employed and can support herself.
It is inescapable that appellee's present ability to respond to the appellant's claim for alimony is not overwhelming. Moreover, we can find no fault with the Chancellor's determination not to make a specific monetary award for alimony in light of the relative abilities and needs of the parties. It was not unreasonable to anticipate a reduction in the wife's needs in the near future by reason of her contemplated employment. Accordingly, we will not disturb so much of the final judgment which denies a present award for alimony. However, we are of the view that the Chancellor committed error in failing to reserve jurisdiction to award alimony in the future if such should be applied for and be properly allowable. *707 Schiff v. Schiff, 123 So.2d 295 (Fla.App. 1960); Dings v. Dings, 161 So.2d 227 (Fla.App. 1964). In absence of a reservation of jurisdiction to award alimony, the wife is precluded from later seeking modification in the event either her needs should greatly increase or the husband's ability to respond is enhanced. DuVernoy v. DuVernoy, 202 So.2d 620 (Fla.App. 1967).
Appellant's argument that denial of her claim for attorney's fees was error is correct. In Helsel v. Helsel, 138 So.2d 99 (Fla.App. 1962), the court stated the rule controlling attorney's fee awards in divorce cases to be as follows, at page 101:
"In suits for divorce, whether brought by or against the wife, she is considered a privileged suitor and entitled to be furnished with means of prosecution or defense upon a showing that (a) she is without the funds necessary to prosecute or defend, and (b) her husband has the means to supply this necessity. * * *"
The record here contains competent, unrebutted evidence ample to show that the appellant had no funds to defend the action below and the appellee had the wherewithal to supply such funds. It follows that the denial of appellant's claim for an attorney's fee amounted to reversible error.
In light of the above, it is our conclusion that those portions of the final judgment denying appellant's prayer for attorney's fees and omitting reservation of jurisdiction for future award of alimony, should the same become allowable, must be reversed. In all other respects, the judgment appealed is affirmed.
Affirmed in part and reversed in part.
CARROLL, DONALD K., and JOHNSON, JJ., concur.