256 So.2d 258 (1972)
Jean Barbara GREENE, Appellant,
v.
Donald Leonard GREENE, Appellee.
No. 70-1197.
District Court of Appeal of Florida, Third District.
January 4, 1972.
Rehearing Denied January 24, 1972.
Mamber, Gopman, Epstein, Miles and Foosaner, North Miami Beach, and Horton, Schwartz & Perse, Miami, for appellant.
Frates, Floyd, Pearson & Stewart and Jon I. Gordon, Miami, for appellee.
Before SWANN, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
This appeal is by the plaintiff wife from a judgment which granted her a divorce, seeking reversal with regard to the provisions therein relating to alimony and support. The cause was uncontested as to the ground of divorce. Lump sum alimony was awarded, payable in a certain amount at the time of the judgment and in installments over a period of years. The wife was awarded custody of two children of the parties, 10 and 13 years of age at the time of the judgment. Certain child support was allowed, and the wife was given permission to reside, with the children, in the residence previously occupied by the parties. The residence was owned one *259 third by the husband, and two thirds by the children under a trust. It was provided that the privilege of occupancy thereof by the wife would end when the children attained majority, or sooner if the wife should remarry or remove therefrom. The judgment required the husband to pay the taxes and insurance on the residence premises, but imposed upon the wife the burden of its upkeep and repair, with permission to the husband to have repairs made to the premises and deduct the cost thereof from unmatured payments of alimony.
The effect of the alimony provisions was to furnish the wife with yearly amounts, for a certain period of years, which were not shown to be more than would be needed annually for the maintenance and support of herself and the children on the scale on which they were entitled to live during that period, with a reasonable probability that she may be left at the end of such period, at an age of approximately 55 years, without a residence and without support for which she may have need.
Counsel for appellant argued earnestly and with considerable logic that the provisions relating to alimony and support were unfavorable to her and favorable to the husband, and were insufficient in certain respects, and thereby constituted abuse of discretion. Without undertaking to detail the contentions thereon pro and con, this court upon consideration thereof in the light of the record and briefs concludes that the appellant has not demonstrated reversible error, and that the judgment should be affirmed, with certain modifications.
Accordingly, it is directed that upon remand of the cause to the trial court an order shall be entered modifying and amending the judgment in two respects. One is to relieve the wife of the requirement for the upkeep and repairs to the residence premises during her occupancy thereof and to place the obligation therefor upon the husband. The second is to amend the judgment to include a reservation of jurisdiction by the trial court to award to the wife, in addition to the granted lump sum alimony, periodic alimony at such time or times and in such amount or amounts as it may be made by her to appear, from changes in circumstances of the parties or otherwise, to have become necessary or reasonably required for her support.
Judgment affirmed, subject to modification and amendment thereof as directed.