263 So.2d 644 (1972)
F. Eugene POE, Appellant,
v.
Beverly POE, Appellee.
No. 72-81.
District Court of Appeal of Florida, Third District.
June 20, 1972.
Angelo P. Demos, Miami, for appellant.
Carr & Warren, Miami, for appellee.
*645 Before BARKDULL, C.J., and CHARLES, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Upon the entry of a final judgment of dissolution of marriage, the trial court not having awarded periodic alimony or reserved jurisdiction to award same, the former wife filed a petition for rehearing contending that such proviso was required in any such judgment. Thereupon, the trial court amended the final judgment of dissolution of marriage to reserve jurisdiction to award periodic alimony in the future. This appeal has been prosecuted from the final judgment, as amended, the appellant urging that the trial court erred as a matter of law in modifying the original final judgment.
It has long been the established law of this State that if a trial court does not either award periodic alimony or reserve jurisdiction to award same, the court loses jurisdiction to modify the final judgment subsequently and award periodic alimony. Frohock v. Frohock, 117 Fla. 603, 158 So. 106; Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299; Dings v. Dings, Fla.App. 1964, 161 So.2d 227; DuVernoy v. DuVernoy, Fla.App. 1967, 202 So.2d 620. There have been a number of cases wherein the appellate courts of this State have, upon examination of a record, determined that a trial court abused its discretion in failing to make such a reservation. Schiff v. Schiff, Fla.App. 1960, 123 So.2d 295; Dings v. Dings, supra; Steele v. Steele, Fla.App. 1965, 177 So.2d 873; Barfield v. Barfield, Fla.App. 1969, 226 So.2d 132; Carmody v. Carmody, Fla.App. 1970, 230 So.2d 40; Reed v. Reed, Fla.App. 1971, 244 So.2d 449; Melton v. Melton, Fla.App. 1971, 251 So.2d 705; Greene v. Greene, Fla.App. 1972, 256 So.2d 258; but see: Pendleton v. Pendleton, Fla.App. 1966, 189 So.2d 499; Steinhau v. Steinhauer, Fla.App. 1971, 252 So.2d 825. It is noted that these cases turn on a question of discretion exercised by the trial court under the peculiar circumstances of the cases then before him, and in none of these authorities was it held as a matter of law that it was error not to reserve jurisdiction.
With these principles in mind, we find that the trial court was not required, as a matter of law, to reserve jurisdiction to award periodic alimony in the future and, therefore, we reverse the order modfying the final judgment of dissolution of marriage and return the matter to the trial court for a determination by him, in the exercise of his discretion, as to whether or not make such a reservation in light of the record presented to him.
Reversed and remanded with directions.