HENDRY, Judge.
The original opinion in this cause filed by this Court on December 19, 1972, is hereby withdrawn prior to issuance of the mandate and this opinion is substituted therefor.
Appellant wife seeks review of a final judgment in an action for dissolution of marriage brought by the appellee-husband and attacks the denial of permanent alimo *108 ny, denial of her motion for continuance of the final hearing- and the failure of the trial judge to retain jurisdiction over the. parties as to alimony in the event the needs of the wife or ability of the husband changes in the future.
Upon consideration of the record on appeal, the briefs and the argument of counsel, we are of the opinion that the Chancellor did not abuse his discretion in denying the continuance requested by the appellant. In addition, we cannot say that the Chancellor erred in denying the appellant alimony in light of the relative needs and abilities of the parties. Accordingly, we will not disturb so much of the final judgment which denies a present award of alimony.
However, we are of the opinion that the Chancellor, based on the record, did abuse his discretion in failing to reserve jurisdiction to award alimony in the future if such be applied for and properly allowable under § 61.14, Fla.Stat., F.S.A. Poe v. Poe, Fla.App.1972, 263 So.2d 644; Melton v. Melton, Fla.App.1971, 251 So.2d 705; Reed v. Reed, Fla.App.1971, 244 So.2d 449; Arthur v. Arthur, Fla.App.1971, 243 So.2d 8; Gordon v. Gordon, Fla.App.1967, 204 So.2d 734. We also note that this error was noted by the Chancellor at the hearing on appellant’s motion for a new trial. However, the late Judge John J. Kehoe was prevented from modifying his final order, as he had intended, by his untimely death. We, therefore, order such a modification at this time.
In addition, we note that the appellant prayed that title to the marital household and furnishings be given to her and that the appellee was agreeable to allowing the wife to keep the house. Therefore, we are of the opinion that the Chancellor should have ordered the appellee to transfer title to the house and its furnishings to the appellant wife and retained jurisdiction over the parties in order to enforce such order.
Therefore, we affirm that part of the final judgment that grants the dissolution of marriage and denies the appellant permanent alimony but reverse and remand with directions for the trial court to amend the final judgment so as to retain jurisdiction over the parties as to future alimony and to enter and enforce an order directing the appellee to transfer title of the marital home and furnishings to the appellant wife.
Affirmed in part, reversed in part and remanded with directions.