282 So.2d 655 (1973)
David M. DAVIS, Appellant,
v.
Elanine A. DAVIS, Appellee.
No. 72-1103.
District Court of Appeal of Florida, Fourth District.
September 11, 1973.
*656 Ronald J. Hoffer, of Sumner & Tyner, Dade City, for appellant.
No appearance for appellee.
OWEN, Chief Judge.
In this suit for dissolution of marriage the only issue which was contested at final hearing concerned proper division of the net proceeds from the sale of a residence which the parties had owned as tenants of an estate by the entirety. The trial court found that the wife had established a "special equity" therein to the extent of $5,000.00 and ordered this amount paid to her as "lump sum alimony", the remainder of the proceeds to be divided equally between the parties. The husband has appealed.
Both in the pleadings and at hearing the wife expressly disclaimed any need or desire for an award of alimony. She did claim, however, that she had contributed approximately $5,000.00 of her separate funds toward the down payment and mortgage installments on the jointly owned residence. The husband disputed this claim and stated that he spent $2,000.00 of his money on improvements. The trial court obviously resolved this dispute in the wife's favor.
Granting that the wife contributed the sums she claimed, the law presumes such to be a gift and if not rebutted by evidence to the contrary requires that the property be divided equally between the parties as tenants in common under F.S., Section 689.15, F.S.A. Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825; Zuidhof v. Zuidhof, Fla.App. 1971, 242 So.2d 739. It was stipulated in this court that there was no evidence to show either the presence or absence of an intention on the part of either party to make a gift of the funds furnished to create or improve the jointly owned property. It follows that the final judgment should be and is modified so as to provide that the funds from the sale of the parties' jointly owned residence (the sum of $6,708.00) shall be divided equally between the parties as tenants in common. As thus modified, the judgment is affirmed.
Affirmed, as modified herein.
WALDEN and CROSS, JJ., concur.