PER CURIAM.
From a judgment of dissolution of marriage, the petitioner below appealed, challenging the correctness of certain of its provisions.
The marriage was of twenty five years duration. At the time of the judgment the wife was employed, with net earnings of approximately $400 per month, and the husband’s net earnings were approximately double that amount. There were two children of the marriage, sons who were 15 and 17 years of age at the time of the judgment. The older son since has attained majority. The parties owned a home as tenants by the entirety. The property is encumbered by a mortgage, and has a value above the mortgage estimated to be $22,000. The parties were indebted to an uncle of the respondent, in the amount of $2,000.
In the judgment dissolving the marriage the court denied the wife’s claim for alimony; ordered the husband to pay child support of $37.50 per week for each child until such child should become 18 years of age; made provision for the husband to maintain certain insurance for the benefit *444 of the children and to pay certain medical expenses; permitted the wife with the children to live in the residence, until the younger of the boys should become 18 years of age or should marry, whichever was sooner; ordered that after the wife’s right of possession of the residence terminated, on request of the husband the property should be sold, and unless otherwise agreed by the parties $2,000 of the proceeds of sale should be used to repay the obligation to the respondent’s uncle, and that the balance of the proceeds of sale of the residence should be divided equally between the parties.
The appellant contends the court erred (1) by denying her alimony, and by failing to reserve jurisdiction to entertain later a claim for alimony; (2) by limiting the time of appellant’s possession of the residence; and (3) by failing to require that the husband pay one half of the monthly payments and other carrying charges on the residence.
On consideration of those contentions in light of the record, briefs and argument, we hold the court did not abuse discretion in denying the wife’s claim for alimony, in view of her current earnings, which, with the benefit of living in the home appeared presently sufficient for her needs. However, for the protection of the wife if those circumstances favorable to her which were the basis for denying alimony should be reduced or become absent in the future, and in view of the fact that when her right to possession of the home terminates (in approximately two years) she will incur additional expense for housing, we hold to be meritorious the contention of the appellant that jurisdiction to entertain an application in the future for alimony should have been reserved. The judgment is hereby modified to include such a reservation of jurisdiction. Schiff v. Schiff, Fla.App.1960, 123 So.2d 295; Gordon v. Gordon, Fla.App.1968, 204 So.2d 734; Barfield v. Barfield, Fla.App.1969, 226 So.2d 132; Arthur v. Arthur, Fla.App.1971, 243 So.2d 8; Greene v. Greene, Fla.App.1972, 256 So.2d 258.
The court did not abuse discretion in limiting the time of possession of the residence by the appellant, but we hold it was error to direct thereafter the sale of the jointly owned property. There were no pleadings relating thereto which could prompt such an order. Upon the dissolution of the marriage the property is owned by the parties as tenants in common. While it may not be sold during the time the appellee is granted the use thereof, its disposition thereafter is a matter for determination of the parties. See Valentine v. Valentine, Fla.1950, 45 So.2d 885.
We hold to be meritorious the contention of the appellant that the husband should have been required to pay one half of the carrying charges on the residence. See Centrella v. Centrella, Fla.App.1969, 229 So.2d 882. The judgment is hereby amended to order that from the time of the filing of our mandate in the circuit court the respondent shall pay one half of the mortgage payments, taxes, insurance and repairs on the residence premises, and that the appellant-petitioner shall have a charge against the interest of the respondent in said premises for one half of the amounts she shall have paid (between the date of the judgment and the time of the filing of our mandate) for mortgage payments, taxes, insurance, and necessary repairs on the said premises.
The judgment, as herein amended, is affirmed.