337 So.2d 998 (1976)
Edna C. EVANS, Appellant,
v.
Henry H. EVANS, Appellee.
Nos. 75-720, 75-997.
District Court of Appeal of Florida, Fourth District.
July 9, 1976.
Rehearing granted and opinion amended, August 31, 1976.
*999 John M. Cain, Orlando, for appellant.
Tanya M. Plaut, Orlando, for appellee.
SCHULZ, GEORGE E., Associate Judge.
This is an appeal by the wife and cross appeal by the husband from a final judgment of dissolution of marriage ending the parties' twenty-three year marriage. The dispute is mainly over the division of assets owned by the parties during the marriage. Wife, 51 years of age, is a school teacher, earning $9,500 annually. Husband, aged 52, earns about $270 weekly. There were four children of the marriage; only one is still a minor.
The following are the assets in dispute: the original marital home of the parties, held jointly, was sold in 1973 for $22,530; an existing mortgage on the property in the amount of $4,605 had been paid off previously by the husband from his stock income. The husband's stock investments helped supplement the family income when the stocks appreciated; hence $18,000 of the approximately $22,000 realized from the sale of the marital home was invested in stocks. The wife denies she consented to the stock venture, but wanted to use the money as a down payment on another home.
Later, a new marital home was purchased by the parties. The down payment of $20,000 was borrowed from the wife's family and a note for this loan was signed only by the wife. At the time of final judgment, the parties still held title to the property with a value of $53,500 and an existing mortgage of $32,326.
The other property in dispute was an apartment house built by the parties together with the husband's parents. In 1970 this property was sold for an approximate $30,000 cash down payment and a $184,600 note and mortgage made payable jointly to the parties involved in this suit and to the husband's mother, his father being deceased by this time.
The husband purchased additional stock from cash he received from the apartments and at time of trial owned stock, in his name only, amounting to $29,000, but with a $16,000 pledge against it.
The foregoing sums up the major assets held by these parties during their marriage.
The learned trial judge in his final judgment dissolving the marriage provided as follows:
1. That custody of the minor child be awarded to the wife and that the husband pay child support of $75 weekly.
2. That the $20,000 down payment on the new marital home was a loan and not a gift to the wife and that therefore she had established a special equity in that amount in the home; that the wife be awarded as lump sum alimony the balance of the equity in the new marital home; that the wife additionally be awarded lump sum alimony of $5,000 in satisfaction of her interest in the former marital home; and, lastly, that she be awarded a 1967 Mercedes automobile.
3. That the husband had established a special equity in the wife's interest in the *1000 mortgage held on the apartment house, plus a special equity in the stock, and that a Fiat automobile was his sole property.
4. That each party pay his or her own attorney fees and costs.
The court did not retain jurisdiction.
It is the feeling of this court that to establish special equities the burden is on the party so claiming to prove his or her entitlement by more than just a greater weight of the evidence. In this case the submitted proofs and facts fall way short of the necessary burden required to establish a special equity by either party. By eliminating the special equities, the parties become, by operation of law, Fla. Stat. § 689.15(1973), tenants in common of the marital home (the husband, however, being chargeable for one-half of the $20,000 loan) and the mortgage receivable on the apartment property (each to receive one half of the mortgage payments made from the date of the final judgment).
We will not disturb the other provisions of the final judgment, including the lump sum alimony of $5,000 to the wife, since this represents closely her interest in the stock held in the name of the husband. In view of this court's holding on the issue of special equities, which lessens the financial interests of the husband, the trial court may desire to review and modify the amount of child support payments.
The only other matter in this case we feel constrained to discuss is the trial court's failure to reserve jurisdiction. The wife appears to be able to support herself and the minor child at the present time by teaching school and with the help of child support payments. In a few years, however, the minor child will be emancipated, and the wife will be in her middle or late fifties, a time when health can be a problem, and her ability to compete in the job market will not be the best. For this reason, the trial court should have reserved jurisdiction to consider future alimony for the wife. See, Melton v. Melton, 251 So.2d 705 (Fla.App.1st 1971).
We further think that the wife should have possession of the marital home as long as she has custody of the minor child, subject to her paying taxes, insurance, and upkeep on the home while in possession, with entitlement to credit when the home is sold or partitioned.
We thus conclude that it was error for the trial court to establish special equities for either party, and further error not to reserve jurisdiction to consider future alimony for the wife.
For the foregoing reasons, the trial court is directed, on remand, to modify the final judgment consistent with this opinion and, as so modified, the amended final judgment is affirmed.
Reversed in part; affirmed in part.
WALDEN, C.J., and DOWNEY, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The parties have jointly petitioned for clarification and/or rehearing, pointing out that our opinion fails to designate who is to make the mortgage payments on the marital home which is in the possession of the appellant.
It was our intention to provide that the appellant should make the mortgage payments while she has possession pursuant to the final judgment, and that upon sale or partition she will be entitled to credit for those payments which she has made.
Accordingly, the petition for clarification and/or rehearing is granted and our opinion published July 9, 1976, is amended to that extent only.
*1001 WALDEN and DOWNEY, JJ., and SCHULZ, GEORGE E., Associate Judge, concur.