DOWNEY, Judge.
The wife has appealed from a final judgment of dissolution of marriage in which the trial court entered an order giving the wife exclusive possession of the jointly owned marital domicile so long as the wife’s mother “uses the home for a place to reside and in which to be given care.” Additionally, the court required the wife to pay “all expenses for maintaining such residence, including, but not limited to, mortgage payments and taxes, during such exclusive possession by respondent (wife).” The judgment also denied the wife alimony in any form.
First we note that the record shows the appellee had no objection to the exclusive possession of the jointly owned home so long as his aged mother-in-law lived there. Absent his consent such an award would not have been proper.
We find no fault with the final judgment except in two respects; First, under the circumstances of this case we feel the trial court should have retained jurisdiction to allow alimony in the future if the circumstances of the parties should change substantially and warrant an award of alimony. Evans v. Evans, 337 So.2d 998 (Fla. 4th DCA 1976); Melton v. Melton, 251 So.2d 705 (Fla. 1st DCA 1971).
Secondly, we believe that upon an eventual sale of the property the wife should be entitled to contribution from her co-tenant, the ex-husband, of the amount of any increased equity he receives as a result of her principal payments on the mortgage which encumbers the property.
Accordingly, we affirm the judgment appealed from in part and reverse it in part and remand the cause with directions to modify the judgment in accordance with this opinion.
AFFIRMED IN PART AND REVERSED IN PART.
ALDERMAN, C. J., and LETTS, J., concur.