PER CURIAM.
Appellant/respondent/husband takes this consolidated appeal from a post dissolution of marriage “order on alimony, child support, attorneys’ fees and costs.”
The sole issue on appeal is whether the chancellor abused his discretion in entering an order which reserved jurisdiction to award permanent alimony to appellee/peti-tioner/wife. It is appellant’s contention that the chancellor abused his discretion in reserving jurisdiction in that said reservation was incorporated in the above order without giving appellant an opportunity to present evidence as to the wife’s need, if any, for such an award of alimony. It is our opinion, however, that no abuse of discretion has been shown.
The order appealed from was rendered after a judgment dissolving the marriage of the parties was entered. Said order, inter alia, awarded appellee lump sum alimony and found appellant presently incapable of paying periodic alimony. The chancellor, however, reserved jurisdiction to award permanent alimony.
Based upon our view of the record, appellant’s “notice” or “due process” argument appears to miss the mark, for the chancellor did not award periodic alimony to appellee; rather, he reserved jurisdiction to award same at such future date as appel-lee could demonstrate a material change in the circumstances of the parties as would warrant such an award. A reservation of jurisdiction for such a purpose is, of course, permissible. Marshall v. Marshall, 273 So.2d 107 (Fla. 3d DCA 1973); Poe v. Poe, 263 So.2d 644 (Fla. 3d DCA 1972). At such time when appellee does, in fact, petition the court for an award of permanent alimony, appellant will then be given the opportunity to present evidence in opposition to such an award.
*24 Accordingly, no abuse of discretion having been shown, the order appealed from is hereby affirmed. .
Affirmed.