SCHWARTZ, Chief Judge.
It is not enough merely to Canakaris-ize this case by holding, although it is plainly true, that neither the wife’s claim that the trial court granted too little, nor the husband’s predictable counter-attack that the award was too high,[1] has demonstrated an *155 abuse of discretion in the terms of the dissolution judgment under review. We deem it appropriate instead affirmatively to commend and approve the actions of the trial judge who patiently heard and considered the Greensteins’ personal and complex financial situation and fashioned an imaginative and wise resolution of the problems presented which was eminently fair to both parties. We do hold that the lower court should have retained jurisdiction over the cause to permit an alimony award if it should be required in the future. Greene v. Greene, 256 So.2d 258, 259 (Fla. 3d DCA 1972), cert. denied, 263 So.2d 832 (Fla.1972). With that small modification, the judgment below, as well as the subsequent orders allowing the wife attorney’s fees and interest, are enthusiastically
Affirmed.

. At oral argument, the husband’s counsel conceded, as was obvious in any event, that his cross-appellate challenges to the amount of the award were raised only as a stratagem to induce the court to reject the wife's appeal by giving it the opportunity to rule against both parties and thus "split the difference.” While this tactic is unfortunately all-too-commonplace, we thoroughly disapprove of it. This court, like all others, is entitled to expect that it will be *155 presented only with positions sincerely urged on their merits; it should not be manipulated in this (or any other) fashion. We point out, moreover, that the attempt to influence the result through the use of an inappropriate means like this (or any other) can have nothing but a counter-productive effect upon the court it is meant -to persuade. Thus, we emphasize that we have rejected the wife’s contentions despite — and not in any way because of — the husband’s.