RAMIREZ, J.
Joseph C. Stephen appeals the trial court’s entry of final judgment in his dissolution of marriage proceeding in which the court awarded permanent alimony. We reverse because the trial court lacked authority to award permanent alimony.
The parties married on October 17, 1991 and separated on or about January 14, 2001. On January 25, 2001, the Wife filed a Petition for Dissolution of Marriage. At the January 28, 2003 trial, the Wife sought the marital home free of all encumbrances, back-alimony payments, and conveyance of the marital home to her. The trial court entered final judgment on February 18, 2003, and dissolved the parties’ marriage. Because the Wife had not requested an award of permanent alimony at the hearing, the trial court did not award permanent alimony, nor did it reserve jurisdiction to award such alimony.
On July 7, 2003, the court conducted a status conference to determine the distribution of the proceeds of the parties’ marital home. In its July 22, 2003 order, the court distributed the funds from the sale of the marital home and granted other relief which has not been challenged. The court also modified the Husband’s temporary alimony downward to $250.00 per month from September 1, 2001 through the entry of the final judgment, and thereafter in the amount of $250.00 per month as permanent alimony with arrears through July 31, 2003 in the amount of $5,750.00, effective August 1, 2003 and until the Wife’s remarriage or death.
Because the final judgment did not provide for any award of alimony nor reserve jurisdiction for that purpose, no jurisdiction exists to subsequently entertain a petition for alimony. Richards v. Richards, 569 So.2d 935 (Fla. 1st DCA 1990); Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Poe v. Poe, 263 So.2d 644 (Fla. 3d DCA 1972). We thus reverse the award of permanent alimony.
Reversed and remanded.